UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ADAM COMMUNITY CENTER,
a domestic nonprofit corporation, a/k/a
ADAM COMMUNITY (ACC), a
domestic nonprofit corporation,

      Plaintiff,

v.

CITY OF TROY, a Michigan municipal
corporation, TROY CITY COUNCIL, CITY
OF TROY PLANNING COMMISSION,
CITY OF TROY ZONING BOARD OF
APPEALS, and DANIEL AGAUAS, GLEN
CLARK, THOMAS DESMOND, DAVID
EISENBACHER, ORESTIS KALTSOUNIS,
PADMA KUPA, DAVE LAMBERT, JAMES
MCCAULEY, individually and in their official
capacities as members of the TROY ZONING
BOARD OF APPEALS,

      Defendants.

Civil Action No. 18-13481

Hon. Nancy G. Edmunds

_____/

**<u>DEFENDANTS ANSWER TO VERIFIED COMPLAINT AND
REQUEST FOR INJUNCTIVE RELIEF; RELIANCE ON JURY
DEMAND; AND AFFIRMATIVE DEFENSES</u>**

## <u>ANSWER TO VERIFIED COMPLAINT AND REQUEST FOR INJUNCTIVE RELIEF</u>

Defendants City of Troy, Troy City Council, City of Troy Planning Commission, City of Troy Zoning Board of Appeals, Daniel Agauas, Glen Clark (Glenn Clark), Thomas Desmond, David Eisenbacher, Orestis Kaltsounis, Padma Kupa (Padma Kuppa) Dave Lambert and James McCauley answer Plaintiff's verified complaint and request for Injunctive Relief as follows:

## <u>PARTIES</u>

1. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation.

2. Admit.

3. Defendants admit the Troy City Council adopted the Troy Zoning Ordinance.  Defendants deny the Troy City Council is a separate legal entity subject to the jurisdiction of this Court.

4. Denied. The allegation does not correctly state the duties of the Troy Planning Commission.  Also, the Planning Commission is not a separate legal entity subject to the jurisdiction of this Court.

5. Defendants admit the Troy Zoning Board of Appeals (ZBA) makes decisions on requests for variances from the provisions of the

zoning ordinance but deny the ZBA is a separate legal entity subject to the jurisdiction on the Court.

6. As to paragraph 6, Defendants admit the individuals named were members of the ZBA at the time Plaintiff requested variances. Some of the Defendants' names are incorrect. As to the allegation concerning jurisdiction, that allegation is a conclusion of law for which no answer is required.

## JURISDICTION AND VENUE

7. Admit.

8. Admit.

9. Denied.  This Court has declined supplemental jurisdiction over Plaintiff's state law claims.

10.   Admit only that the individual Defendants reside in the City of Troy, and that the municipal defendant is the City of Troy. Deny that this Court has jurisdiction over the Troy City Council, Troy Planning Commission, and Troy Zoning Board of Appeals, since these are not separate legal entities.

11.   Admit.

12.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation.

13.     Defendants lack knowledge or information sufficient to form a

belief as to the truth of the allegation.

14.     Defendants lack knowledge or information sufficient to form a

belief as to the truth of the allegation.

15.     Defendants lack knowledge or information sufficient to form a

belief as to the truth of the allegation.

16.     Admit.

## NATURE OF THIS ACTION

17.     Admit.

18.     As to paragraph 18, Defendants deny that the City Troy applies

the zoning ordinance more favorably to commercial businesses

than it does to religious groups or religious institutions.

19.     As to paragraph 19, Defendants aver the Plaintiff's requests for

variances were properly denied in accordance with the zoning

ordinance because Plaintiff failed to satisfy the requirements

necessary to obtain a variance.

20.     Denied.  The allegations in paragraph 20 are false.

21.     As to paragraph 21, Defendants deny that the City of Troy has

failed to properly enforce its zoning ordinance and master plan.

22.     Denied.  The allegations in paragraph 22 are false.

23.   Denied. The allegations in paragraph 23 are false.

## BACKGROUND

24.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation.

25.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation.

26.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation.

27.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation.

28.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation.

29.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation.

30.   Denied.  The allegations in Paragraph 30 are false.

31.   As to paragraph 31, Defendants aver the City's assessing records reveal there are 59 properties in the City that are classified as houses of worship.  Defendants lack knowledge or information sufficient to form a belief as to the remaining allegations because

the records do not specify the specific religion practiced at each house of worship.

32.   Denied.  The allegations in paragraph 32 are false.

33.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation.

34.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation.

35.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation.

## THE PROPOSED PROPERTY

36.   As to paragraph 36, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation. Defendants further aver the property that is the subject of this cause of action is located at 3635 Rochester Road and not 3565 as stated in paragraph 36.

37.   Defendants admit the allegations with regard to the property located at 3635 Rochester Road.

38.   As to paragraph 38, Defendants admit there is an existing building located on the property that is a restaurant.  Defendants

lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

39.    Defendants admit that the existing building was formerly a Designer Shoe Warehouse.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remainder of the allegation.

40.    Denied.  The allegations in Paragraph 40 are false.

41.    As to paragraph 41, Defendants admit the zoning ordinance does not define "storage."  Defendants further aver "use type classification" is a building code term and not related to the zoning ordinance.

42.    Admit.

43.    Denied.  The allegations in paragraph 43 are factually incorrect. The B-3 zoning classification was eliminated in 2011.  The subject property is not located in a form based zoning district, and therefore, the building form C type and section 5.03B of the zoning ordinance are not applicable.

44.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation.

45.   Defendants admit that parking spaces for restaurants are permitted to be within the 30 foot rear yard setback. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

46.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation.

47.   Denied. According to the City's assessing records, the land area is 1.55 acres and the building is 20,773 square feet.

## OVERVIEW

48.   Defendants admit that under Troy's zoning ordinance, facilities used as a place of worship must comply with section 6.21 of the zoning ordinance and that front, side, and rear setbacks shall be a minimum of fifty feet.  Defendants deny the allegations related to subsection F of section 6.21 because the provisions of that subsection are not accurately stated in paragraph 48.

49.   Admit.

50.   Admit.

51.   Denied. The current version of the zoning ordinance took effect in 2011. There have been revisions to the zoning ordinance as well.

52.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation.  However, Defendants admit the existing building, without modification, could not be used as a place of worship in compliance with the zoning ordinance in the absence of approved variances.

53.   Denied.  The Plaintiff chose to pursue using the subject property as a place of worship when Plaintiff knew the existing building and its location could not comply with the provisions of the zoning ordinance applicable to places of worship.

54.   As to paragraph 54, Defendants admit only that Plaintiff's initial submittals of its application for variances in May 2018 were not accepted because of deficiencies.  Plaintiff sought relief that was not authorized under the zoning ordinance and because Plaintiff referenced zoning ordinance provisions that were not applicable.

55.   Denied.  The allegations in paragraph 55 are false.

56.   Defendants admit the Plaintiff's revised application for variances was accepted in May 2018, and a public hearing on the variance requests was held before the ZBA on June 19, 2018.

57.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation.

58.    As to paragraph 58, the Defendants admit the Plaintiff has accurately quoted only a part of section 15.04 E(1) of the zoning ordinance.  There are several other provisions that are applicable to a zoning ordinance variance request and must be read in totality.

59.    Denied.  The ZBA is not required to authorize variances.  The ZBA is authorized to grant variances if it is satisfied all the criteria for the approval of a variance have been established.  Plaintiff has cited only one of the applicable criteria required to be satisfied.

60.    As to paragraph 60, Defendants admit Plaintiff has accurately quoted some of the provisions of section 15.04(2)(a) – (e) but did not include all the provisions of subsection 15.04(2)(a), and further clarifies that all provisions must be satisfied before a variance can be granted.

61.    As to paragraph 61, Defendants deny that Plaintiff has accurately quoted section 15.05(2) of the zoning ordinance.

62.    As to paragraph 62, Defendants admit Plaintiff made an argument it was entitled to a variance but deny that Defendants demonstrated entitlement to justify the granting of the requested variances.

63.    Denied.  The allegations in paragraph 63 are false.

64.    As to paragraph 64, Defendants deny that there were irregularities, but admit that there was open deliberation prior to the decision.

65.    Denied.  The ZBA does not have a president.  Assuming Plaintiff's allegations involve comments made by the Chairperson of ZBA, the allegations do not accurately state what was said by the Chairperson and the allegations are a complete mischaracterization of the intent and purpose of those comments. Defendants further deny the Chairperson intended to improperly influence any of the other board members, or that there was any bias.

66.    Denied.  The ZBA was not advised to ignore RLUIPA. Furthermore, Defendants deny that RLUIPA requires a relaxation of the zoning requirements.  The ZBA was advised to apply the standards that are applicable to all variance requests.

67.    Defendants admit the variance requests were unanimously denied because Plaintiff failed to meet its burden to show it met all of the criteria that would justify the grant of a variance.  As to the allegation that the ZBA did not comply with the zoning ordinance,

that allegation is denied because it is false.  As to the allegation

the ZBA did not assert a compelling government interest for

denying the variance, there was no requirement to do so when

denying Plaintiff's requested variances.

68.     Denied.  The allegations in paragraph 68 are false.

69.     Defendants lack knowledge or information sufficient to form a

belief as to the truth of the allegation.

70.     Paragraph 70 is a conclusion of law for which no answer is

required.

71.     Denied.  The allegations in paragraph 71 are false.

72.     Denied.  The allegations in paragraph 72 are false.

73.     Denied.  The allegations in paragraph 73 are false.

74.     Denied.  The allegations in paragraph 74 are false.

75.     As to paragraph 75, Defendants admit a place of worship is a

permitted use of the subject property under Troy's zoning

ordinance.

76.     Defendants lack knowledge or information sufficient to form a

belief as to the truth of the allegation.

77.     Defendants lack knowledge or information sufficient to form a

belief as to the truth of the allegation.

78.   Paragraph 78 is a conclusion of law for which no answer is required.  Defendants aver, however, the authority of a zoning board of appeals to grant variances under the Michigan Zoning Enabling Act is permissive and not mandatory.

79.   Denied.  The allegations set forth in paragraph 79 are false.

80.   Denied.  The allegations set forth in paragraph 80 are false.

## COUNT I
## VIOLATION OF RELIGIOUS LAND USE AND
## INSTITUTIONALIZED PERSONS ACT (RELIGIOUS EXERCISE)
## (AS TO OFFICIAL CAPACITY DEFENDANTS ONLY)

81.   Defendants incorporate its answers to paragraphs 1 – 80 as though fully set forth in response.  Unfortunately, Plaintiff's Complaint is unclear as to which Defendants committed the allegations set forth in this Count.  To the extent that Plaintiffs are alleging claims only against the individual Defendants in their official capacity, which is what the Complaint appears to allege, the Court dismissed these Defendants in its April 3, 2019 order.

82.   Denied.  The allegations in paragraph 82 are false.

83.   Denied.  The allegations in paragraph 83 are false.

84.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation.

85.    Denied.  The City's zoning ordinance does not impose a

substantial burden on Plaintiff's exercise of Islam within the City.

86.    Denied.  The City's zoning ordinance does not impose a

substantial burden on Plaintiff's exercise of Islam within the City.

87.    Denied.  The Plaintiff is not entitled to the declaration requested

because the City's zoning ordinance does not impose a

substantial burden on Plaintiff's exercise of Islam within the City.

88.    Denied.  The Plaintiff is not entitled to the issuance of a

permanent injunction because the limitations on the use of the

subject property as set forth in the zoning ordinance are valid and

enforceable.

89.    Denied.  The Defendants have not engaged in any unlawful

actions.

<u>**COUNT II**</u>
<u>**VIOLATION OF RELIGIOUS LAND USE AND**</u>
<u>**INSTITUTIONALIZED PERSONS ACT (DISCRIMINATION ON**</u>
<u>**THE BASIS OF RELIGION) (AS TO OFFICIAL CAPACITY**</u>
<u>**DEFENDANTS ONLY)**</u>

90.    Defendants repeat and incorporate paragraphs 1 - 89 of this

answer.  Unfortunately, Plaintiff's Complaint is unclear as to which

Defendants committed the allegations set forth in this Count.  To

the extent that Plaintiffs are alleging claims only against the

individual Defendants in their official capacity, which is what the

Complaint appears to allege, the Court dismissed these

Defendants in its April 3, 2019 order.

91.   Denied.  The allegations in paragraph 91 are false.

92.   Denied.  The allegations in paragraph 92 are false.

93.   Denied.  The allegations in paragraph 93 are false.

94.   Denied.  The allegations in paragraph 94 are false.

95.   As to paragraph 95, Defendants admit the ZBA does not

require community approval as a condition of granting a variance.

Defendants deny that Plaintiff has been treated different than other

applicants similarly situated because such allegation is false.

96.   Denied. Plaintiff is not entitled to the declaration requested

because Defendants have not engaged in any discrimination on

the basis of Plaintiff's religion.

97.   Denied.  The Plaintiff is not entitled to the issuance of a

permanent injunction because the limitations on the use of the

subject property as set forth in the zoning ordinance are valid and

enforceable.

98.   Denied.  The Defendants have not engaged in any unlawful

actions.

## COUNT III
## VIOLATION OF RELIGIOUS LAND USE AND
## INSTITUTIONALIZED PERSONS ACT (EQUAL TERMS) (AS TO
## OFFICIAL CAPACITY DEFENDANTS ONLY)

99.   Defendants repeat and incorporate paragraphs 1 - 98 of this answer.  Unfortunately, Plaintiff's Complaint is unclear as to which Defendants committed the allegations set forth in this Count.  To the extent that Plaintiffs are alleging claims only against the individual Defendants in their official capacity, which is what the Complaint appears to allege, the Court dismissed these Defendants in its April 3, 2019 order.

100.   Denied.  The allegations in paragraph 100 are false.

101.   Denied.  The allegations in paragraph 101 are false.

102.   Denied.  The zoning ordinance does not impose and implement harsh and very restrictive zoning requirements on religious assemblies and institutions.

103.   Paragraph 103 is a conclusion of law for which no answer is required.

104.   Denied.  Plaintiff is not entitled to the declaration requested because the zoning ordinance does not unconstitutionally discriminate against Plaintiff.

105.   Denied.  Plaintiff is not entitled to permanent injunction because the provisions of the zoning ordinance are valid and enforceable.

106.   Denied.  Defendants' actions are not unlawful.

## COUNT IV
## VIOLATION OF RELIGIOUS LAND USE AND INSTITUTIONALIZED PERSONS ACT (LIMITATIONS AND EXCLUSIONS) (AS TO OFFICIAL CAPACITY DEFENDANTS ONLY)

107.   Defendants repeat and incorporate paragraphs 1 - 106 of this answer.  Unfortunately, Plaintiff's Complaint is unclear as to which Defendants committed the allegations set forth in this Count.  To the extent that Plaintiffs are alleging claims only against the individual Defendants in their official capacity, which is what the Complaint appears to allege, the Court dismissed these Defendants in its April 3, 2019 order.

108.   Denied.  The allegations in paragraph 108 are false.

109.   As to paragraph 109, Defendants admit a place of worship is a permitted use in a GB zoning district. As to the allegation Plaintiff complied with the standards within section 15.05 and 15.06, Defendants respond that sections 15.05 and 15.06 do not contain standards.  As to the allegation Defendants have limited the ability

of Plaintiff to practice its religion in Troy, the allegation is denied
because it is not true.

110.  Denied.  Plaintiff's requests for variances were properly denied
in accordance with applicable law.

111.  Denied.  There are no land use regulations in Troy that
unreasonably limit religious assemblies.

112.  Denied.  Plaintiff is not entitled to the requested declaration
because the denial of the requests for variances did not
unconstitutionally limit or exclude Plaintiff's free exercise of
religion.

113.  Denied.  Plaintiff is not entitled to a permanent injunction
because the provisions of the zoning ordinance are valid and
enforceable.

114.  Denied.  Defendants have not engaged in any unlawful actions.

## COUNT V
## VIOLATION OF FIRST AND FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION (FREE EXERCISE OF RELIGION – 42 USC §1983)

115.  Defendants repeat and incorporate paragraphs 1 - 114 of this
answer.

116.  Denied.  The allegations in paragraph 116 are false.

117. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation.

118. Denied.  The land use regulations in the Troy zoning ordinance do not impose a substantial burden on Plaintiff's exercise of Islam.

119. Denied.  The land use regulations in the Troy zoning ordinance do not impose a substantial burden on Plaintiff's exercise of religion.

120. Denied.  Plaintiff is not entitled to the declaration requested because the zoning regulations do not violate Plaintiff's First and Fourteenth Amendment rights to its free exercise of religion.

121. Denied.  Plaintiff is not entitled to a permanent injunction because the Troy zoning ordinance is valid and enforceable.

122. Denied.  Defendants' actions were not unlawful.

## COUNT VI
## VIOLATION OF FIRST AND FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION (ESTABLISHMENT CLAUSE – 42 USC §1983)

123. Defendants repeat and incorporate paragraphs 1 - 122 of this answer.

124. Denied.  The allegations in paragraph 124 are false.

125. Denied.  The allegations in paragraph 125 are false.

126.   Denied.  The allegations in paragraph 126 are false.

127.   Denied.  Plaintiff is not entitled to the requested declaration because Troy's zoning ordinance does not violate the Establishment Clause to the First Amendment and the Fourteenth Amendment to the Constitution of the United States.

128.   Denied.  Plaintiff is not entitled to a permanent injunction because the Troy zoning ordinance is valid and enforceable.

129.   Denied.  Defendants' actions were not unlawful.

## COUNT VII
## VIOLATION OF FIRST AND FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION (FREEDOM OF SPEECH – 42 USC §1983)

130.   Defendants repeat and incorporate paragraphs 1 - 129 of this answer.

131.   Denied.  The allegations in paragraph 131 are false.

132.   Denied.  The Defendants have not imposed more stringent requirements than those imposed by the zoning ordinance.

133.   Denied.  Plaintiff is not entitled to the requested declaration because Troy's zoning ordinance does not violate Plaintiff's right to free speech.

134.   Denied.  Plaintiff is not entitled to a permanent injunction because the Troy zoning ordinance is valid and enforceable.

135.  Denied.  Defendants' actions were not unlawful.

## COUNT VIII
## VIOLATION OF FIRST AND FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION (FREEDOM OF ASSEMBLY – 42 USC §1983)

136.  Defendants repeat and incorporate paragraphs 1 -135 of this answer.

137.  Denied.  The allegations in paragraph 137 are false.

138.  Denied.  The Defendants have not imposed more stringent requirements than those imposed by the zoning ordinance.

139.  Denied.  Plaintiff is not entitled to the requested declaration because Troy's zoning ordinance does not violate Plaintiff's First Amendment right to freedom of assembly.

140.  Denied.  Plaintiff is not entitled to a permanent injunction because the Troy zoning ordinance is valid and enforceable.

141.  Denied.  Defendants' actions were not unlawful.

## COUNT IX
## VIOLATION OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION (EQUAL PROTECTION – 42 USC §1983)

142.  Defendants repeat and incorporate paragraphs 1 -141 of this answer.

143.  Denied.  The allegations in paragraph 143 are false.

144. Denied.  The allegations in paragraph 144 are false.

145. Denied.  Plaintiff is not entitled to the requested declaration because Troy's zoning ordinance does not violate Plaintiff's Fourteenth Amendment right to equal protection of the laws.

146. Denied.  Plaintiff is not entitled to a permanent injunction because the Troy zoning ordinance is valid and enforceable.

147. Denied.  Defendants' actions were not unlawful.

## COUNT X
## VIOLATION OF THE FIFTH AMENDMENT TO THE UNITED STATES CONSTITUTION (SUBSTANTIVE DUE PROCESS – 42 USC §1983)

148. Defendants repeat and incorporate paragraphs 1 – 147 of this answer.

149. Admit.

150. Denied.  The allegations in paragraph 150 are false.

151. Denied.  The allegations in paragraph 151 are false.

152. Denied.  The allegations in paragraph 152 are false.

153. Denied.  The allegations in paragraph 153 are false.

154. Denied.  Plaintiff is not entitled to the requested declaration because the denial of the variances requested by Plaintiff did not violate the Fifth Amendment to the Constitution of the United States.

155.  Denied.  Plaintiff is not entitled to a permanent injunction

because the Troy zoning ordinance is valid and enforceable.

156.  Denied.  Defendants' actions were not unlawful.

## COUNT VII
## STATE LAW CLAIMS

157. – 165.  No answer required because Plaintiff's state law claims

were dismissed by this Court's order of December 13, 2018.

WHEREFORE, Defendants pray that Plaintiff's Complaint be

dismissed in its entirety and that Defendants be awarded costs and

attorney fees.


Dated:  April 24, 2019                    CITY OF TROY
                                          CITY ATTORNEY'S OFFICE

                                          s/Allan T. Motzny (P37580)
                                          Lori Grigg Bluhm (P46908)
                                          Allan T. Motzny (P 37580)
                                          Attorneys for Defendants
                                          500 W. Big Beaver Rd.
                                          Troy, MI 48084
                                          (248) 524-3320
                                          motznyat@troymi.gov


## RELIANCE ON JURY DEMAND


Defendants rely on the Jury Demand filed by Plaintiff.

Dated:  April 24, 2019                     CITY OF TROY
                                           CITY ATTORNEY'S OFFICE


                                           s/Allan T. Motzny (P37580)
                                           Lori Grigg Bluhm (P46908)
                                           Allan T. Motzny (P37580)
                                           Attorneys for Defendants
                                           500 W. Big Beaver Road
                                           Troy, MI 48084
                                           (248) 524-3320
                                           motznyat@troymi.gov



## **AFFIRMATIVE DEFENSES**

The Defendants for their affirmative defenses state as follows:

1. Plaintiff has failed to state a claim upon which relief may be granted.

2. The doctrine of governmental immunity precludes Plaintiff's requested recovery from Defendants

3. Plaintiff's claims under 42 USC § 1983 are barred because there is no averment that the alleged injury was the direct result of a custom or policy or practice of the Defendants.

4. Plaintiff's claims are barred because they lack standing.

5. Plaintiff's claims are barred by the equitable doctrine of laches.

6. Plaintiff's claims are barred by the applicable statute of limitations.

7. Plaintiff is not entitled to injunctive relief because there is no evidence of irreparable harm or the lack of an adequate remedy of law.

8. Plaintiff is not entitled to equitable relief due to its own inequitable conduct.

9. Plaintiff failed to exhaust administrative remedies.

10. Plaintiff has failed to mitigate its damages.

11. Plaintiff's injuries, if any, are due to the acts or omissions of persons or entities other than Defendants.

12. Plaintiff's claims against Defendants are barred by qualified immunity.

13. Defendants Troy City Council, Troy Planning Commission, and ZBA are not entities with the legal capacity to be sued.

14. The Complaint fails to allege specific facts which identify personal involvement by the individual Defendants.

15. Plaintiff's Constitutional claims are barred because they lack a vested interest in the subject property.

16. Defendants assert all other affirmative defenses that may become known after discovery.

Dated:  April 24, 2019　　　　　CITY OF TROY
　　　　　　　　　　　　　　　CITY ATTORNEY'S OFFICE

　　　　　　　　　　　　　　　s/Allan T. Motzny (P37580)
　　　　　　　　　　　　　　　Lori Grigg Bluhm (P46908)
　　　　　　　　　　　　　　　Allan T. Motzny (P 37580)
　　　　　　　　　　　　　　　Attorneys for Defendant
　　　　　　　　　　　　　　　500 W. Big Beaver Rd.
　　　　　　　　　　　　　　　Troy, MI 48084
　　　　　　　　　　　　　　　(248) 524-3320
　　　　　　　　　　　　　　　motznyat@troymi.gov

### Certificate of Service

I hereby certify that on April 24, 2019, I electronically filed Defendant

City of Troy's Answer to Complaint and Affirmative Defenses using the ECF

system which will send notification of such filing to all parties of record using

the ECF system.

Dated:  April 24, 2019　　　　　CITY OF TROY
　　　　　　　　　　　　　　　CITY ATTORNEY'S OFFICE

　　　　　　　　　　　　　　　s/Allan T. Motzny (P37580)
　　　　　　　　　　　　　　　Lori Grigg Bluhm (P46908)
　　　　　　　　　　　　　　　Allan T. Motzny (P 37580)
　　　　　　　　　　　　　　　Attorneys for Defendants
　　　　　　　　　　　　　　　500 W. Big Beaver Rd.
　　　　　　　　　　　　　　　Troy, MI 48084
　　　　　　　　　　　　　　　(248) 524-3320
　　　　　　　　　　　　　　　motznyat@troymi.gov