UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ADAM COMMUNITY CENTER,
a domestic nonprofit corporation, a/k/a
ADAM COMMUNITY (ACC), a
domestic nonprofit corporation,

    Plaintiff,
v.

CITY OF TROY, et al,
    Defendants.

Civil Action No. 18-13481

Hon. Nancy G. Edmunds

_____/

Amy V. Doukoure (P80461)
Council on American Islamic Rel.
Attorney for Plaintiff
30201 Orchard Lake Road #260
Farmington Hills, MI 48334
(248) 559-2247 – Phone
adoukoure@cair.com

Brandon Bolling (P60195)
Richard Thompson (P21410)
Attorneys for
Defendant Glenn Clark
24 Frank Lloyd Wright Drive
P.O. Box 393
Suite J-3200
Ann Arbor, MI 48106
bbolling@thomasmore.org
rthompson@thomasmore.org

Lori Grigg Bluhm (P46908)
Allan T. Motzny (P37580)
Attorneys for Defendants City
of Troy, Troy City Council, Troy
Planning Commission, Troy
Zoning Board of Appeals, Daniel
Agaus, David Eisenbacher,
Orestis Kaltsounis, Padma
Kuppa, and James McCauley
500 W. Big Beaver Road
Troy, MI 48084
(248) 524-3320 – Phone
Bluhmlg@troymi.gov
motznyat@troymi.gov

_____/

**DEFENDANTS DANIEL AGAUS, DAVID EISENBACHER, ORESTIS KALTSOUNIS, PADMA KUPPA, AND JAMES MCCAULEY'S REPLY TO PLAINTIFF'S RESPONSE TO MOTION FOR SUMMARY JUDGMENT**

## REPLY TO PLAINTIFF'S STATEMENT OF FACTS

Plaintiff's response has failed to raise a genuine dispute as to any material fact that precludes summary judgment in favor of the individual defendants. Municipal proceedings are unique, since there are minutes recording the history, and judicial notice is appropriate as a means to establish these facts and also municipal ordinances and state statutes and property sales. As a result, this Court should reject Plaintiff's assertion that defendants were required to attach affidavits to the motion to establish these items. Additionally, Plaintiff has not and cannot successfully refute any of the factual recitations in defendants' motion, and some of Plaintiff's factual statements are inaccurate or misleading.

Assuming that the Court considers it relevant, since it happened over six years ago, Plaintiff's 2013 application for a community center at 4924 Rochester Road was administratively approved by the City's Planning Department (not the Planning Commission) on October 2, 2013. Plaintiff incorrectly attributes the initial approval as a "variance approval," (p. 2). Based on subsequently received information challenging Plaintiff's application materials, the ZBA was asked to hold a hearing to decide the proper zoning ordinance interpretation, and this hearing allowed Plaintiff's attorney and members of the public to provide additional information. After this January 21,

1

2014 hearing, the administrative approval was rescinded, since the building did not meet the setbacks for houses of worship.  Although Adam subsequently applied for a setback variance from Section 6.21, Plaintiff was notified on February 24, 2014 that the application was incomplete.  The building was sold on April 24, 2014, before the first available ZBA hearing date.  Amin Tr p 33, lines 17-25, Apx p 67.[1]

Plaintiff also incorrectly argues that Embassy Covenant Church, which is a house of worship that holds Sunday services at the Troy Community Center, bears a similar zoning relationship (Plaintiff's Exhibit F).  Unlike the property at 3635 Rochester Road, the Troy community center is located in a zoning district that permits places of worship, and the building complies with the setback requirements of Section 6.21 of the zoning ordinance.  Also, Plaintiff incorrectly characterizes the building on this property as "large assembly."  There is no such classification in Troy's zoning ordinance.

Contrary to Adam's assertions on page 4, there is no evidence that Defendant Kuppa wrote any articles critical of the Muslim religion.  In fact, on page 15 of Plaintiff's Exhibit I (a blog attributed to Kuppa), she states "*I will standup for my Muslim American Sisters who choose to wear a hijab.*"

---

[1] References to the appendix refer to the appendix filed with the individual defendants' motion for summary judgment unless otherwise indicated.

Plaintiff also incorrectly faults the ZBA for failing to produce a traffic study or parking study to support its decision to deny the requested variances at the June 2018 ZBA meeting (pp. 4-8). This is tantamount to arguing that a judicial decision should be reversed unless the Judge produces its own evidence to support his/her decision. Instead, a variance applicant bears the burden to demonstrate that the requested relief is warranted, and that the proposed variances did not increase congestion in public streets or endanger the public safety. This is a standard under Section 15.04.E.2.e of Troy's zoning ordinance, Apx p 17, and Plaintiff had many options to satisfy this burden, including having its own traffic and parking survey.

Plaintiff also chides the ZBA for its discussion of the existing building, and whether or not moving the building was feasible in order to satisfy the setback requirements. Once again, this dialogue shows that the ZBA members were complying with their duty under Section 15.04.E.4 of the zoning ordinance, Apx p 17, which prohibits the granting of any variance where a different solution not requiring a variance is possible.

On pages 8-11, Plaintiff unsuccessfully argues that in December 2018, another variance applicant (Coopers Hawk) received more favorable treatment, and erroneously concludes that this is evidence of defendant's alleged religious bias. Plaintiff attaches the transcript of the December 2018

3

hearing (Exhibit M), and it is clear that the two situations are not comparable. First, Coopers Hawk is located in a form based district, which is distinguishable from the GB zoned district where Plaintiff's property is located. Unlike the GB district, the form based district requires the building to be no more than ten feet from the roads, and since this was a unique parcel, there were three front yards, so absent a variance, the Coopers Hawk building would have been very close to Big Beaver Road and two side roads. (Plaintiff's Exh M, p 41). In contrast, the GB zoning district requires Plaintiff's building to be at least 50 foot from Rochester Road, and it has only one front yard. The Coopers Hawk property was vacant and the applicant was only seeking two variances, (Plaintiff's Exh M, p 41-42), whereas Plaintiff was seeking seven, and some of these requests were for the entire 50 feet. The Coopers Hawk applicant clearly satisfied the variance criteria, where the property itself had "exceptional characteristics." See Section 15.04.E.2.a. Plaintiff did not demonstrate any exceptional characteristics of the property itself at 3635 Rochester Road to justify its requested variances.

Plaintiff also argues that the imposition of a three minute time limit for public comment at the hearing on Adam's variance requests was not similarly imposed at other ZBA hearings, including but not limited to the December 2018 hearing for Coopers Hawk. However, the meeting room was packed for

the Adam hearing, and approximately 50 persons spoke (Apx pp 191 – 247), whereas there was no one who provided public comment for the Coopers Hawk hearing. (Plaintiff's Exh M, p 57-58). The ZBA's three minute time limit was justifiable, and not evidence of defendant's alleged religious bias.

## ARGUMENT

### A. QUALIFIED IMMUNITY

In a case where a defendant raises the defense of qualified immunity, the "*plaintiff bears the burden of showing that the defendant's conduct violated a right so clearly established that a reasonable official in his position would have clearly understood that he or she was under an affirmative duty to refrain from such conduct.*" *Estate of Hill v Miracle,* 853 F3d 306, 312 (CA 6, 2017). In this case, the transcript of the hearing demonstrates that the individual Defendants based their denial of Adam's seven variance requests on legitimate public safety concerns. Plaintiff has not tendered any proof that any of the individual Defendants acted with discriminatory intent. Plaintiff relies on *Muslim Community Association of Ann Arbor and Vicinity,* 947 F Supp 2d 752 (ED Mich, 2013), which is distinguishable, since it was decided on a Rule 12(b)(6) motion. In such a case, Plaintiff only needs to "plead" sufficient facts to state a claim in order to defeat the motion. *Id.,* 757. In contrast, a Plaintiff cannot rely on conjecture or conclusory accusations to survive a motion for

5

summary judgment. *Arendale v City of Memphis,* 519 F3d 587, 605 (CA 6, 2008). In order to defeat a summary judgment motion, Plaintiff must produce sufficient probative evidence that would permit a finding in its favor, which must go beyond mere speculation. *Id.* In *Arendale*, Plaintiff filed a Section 1983 action, claiming that he was the subject of racially motivated harassment. The plaintiff was a white police officer who argued that criticism he received from his African-American supervisor proved racial animus. *Id.,* 605. However, only the plaintiff's personal opinion that he was the victim of racial harassment was proffered. *Id.* Such conjecture was insufficient to survive a motion for summary judgment. *Id.,* 606.

Similarly, Plaintiff claims that Dr. Amin perceived the dialogue at the ZBA hearing as a "threat to his community." Plaintiff's brief, p 21. In particular, Plaintiff argues that the statements indicating a variance was a request to break the law made Dr. Amin feel "threatened and unwanted in the city of Troy." Instead, as noted in Defendants initial brief, these types of statements convey the rule that variances should be sparingly granted, since a land use variance is in essence a license to use property in a way that would not be permitted under the zoning ordinance. *Frericks v Highland Twp.,* 228 Mich App 575, 582; 579 NW2d 441 (1998). Moreover, Dr. Amin's "feelings" are insufficient to demonstrate the Defendants acted with discriminatory intent.

6

Plaintiff also contends that the ZBA's grant of the two variances requested by Coopers Hawk, and the denial of Plaintiff's seven variances somehow evidences discriminatory intent. This is a meritless argument, since the two applications are completely different. A municipality can consider different types of variance requests and reach different results, and this alone does not establish religious discrimination. *Shepherd Montessori Center Milan v Ann Arbor Charter Twp.,* 486 Mich 311, 322-323; 783 NW2d 695 (2010).

## B. QUASI-JUDICIAL IMMUNITY

Defendants primarily rely on the quasi-judicial immunity arguments set forth in the initial brief, but wanted to refute at least one inaccuracy contained in Plaintiffs' responsive brief. Plaintiff incorrectly argues on page 21 that the ZBA has no ability to subpoena or cross-examine witnesses. This power is authorized in the Michigan Zoning Enabling Act, MCL 125.602. The ZBA chair is empowered to administer oaths and compel the attendance of witnesses. With this correction, the variance procedure fits squarely within the *Cleavenger* criteria (474 US 193 (1985)), and quasi-judicial immunity should result in the dismissal of the individual defendants, who were independent, required to follow the public hearing process, and to determine the potential precedential impact, and a properly filed appeal allows for correctability.

Dated: December 30, 2019        s/Allan T. Motzny (P37580)
                                                      motznyat@troymi.gov

## Certificate of Service

I hereby certify that on December 30, 2019, I electronically filed Defendants' Daniel Agaus, David Eisenbacher, Orestis Kaltsounis, Padma Kuppa, and James McCauley's Reply to Plaintiff's Response to Motion for Summary Judgment with the Clerk of the Court using the ECF system which will send notification of such filing to all parties of record using the ECF system.

s/Allan T. Motzny
Lori Grigg Bluhm (P46908)
Allan T. Motzny (P37580)
Attorneys for Defendants
500 W. Big Beaver Road
Troy, MI 48084
(248) 524-3320
motznyat@troymi.gov

Dated:   December 30, 2019