UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ADAM COMMUNITY CENTER, a domestic
nonprofit corporation, a/k/a ADAM
COMMUNITY (ACC), a domestic nonprofit
corporation,

Case No. 2:18-cv-13481

Hon. Nancy G. Edmunds

Plaintiff,

v.

CITY OF TROY, a Michigan municipal
corporation, et al.,

Defendants.

_____/

## DEFENDANT GLENN CLARK'S REPLY IN OPPOSOTION TO PLAINTIFF'S RESPONSE TO DEFENDANT GLENN CLARK'S MOTION FOR SUMMARY JUDGMENT

Plaintiff's Response To Defendant Glenn Clark's ("Clark") Motion For Summary Disposition ("Response") not only confuses the analysis required to determine a Motion For Summary Judgment pursuant to Federal Rule of Civil Procedure ("Rule") 56 with the analysis required for a Motion to Dismiss pursuant to Rule 12, but also fails to address Clark's qualified immunity defense—other than attempting to improperly shift the burden of proof onto

Clark related to it.[1] [2] Instead, Plaintiff offers meritless ad hominem attacks against Clark alleging that he denied Plaintiff's variance application based on animus to the Islamic faith rather than any legitimate or neutral purpose. Outrageously, Plaintiff *admits* it has no evidence to support this smear and relies exclusively on the "feelings" of Plaintiff's President Amin ("Amin") and his absurd speculation about and "interpretation" of Clark's "intent" to advance Plaintiff's allegations to this Court.[3] Amin himself testified he "could not provide any evidence of bias or wrongdoing" when asked why he believes Clark denied Plaintiff's requested variance.[4]

Upon this house of cards Plaintiff opines that "there is ample evidence to show that a reasonable juror *could* make a legitimate inference that [Clark] in fact acted with discriminatory intent when deciding Adam's petition for a variance."[5] But this is not good enough. Plaintiff—in fact—has no evidence that Clark acted unlawfully or discriminatorily in any manner and cannot rely on conjecture or conclusory allegations to survive summary judgment.[6] Plaintiff must bring forward probative evidence that goes beyond speculation

---

[1] Response, p.17 [ECF No. 35]
[2] In Support of their arguments, Plaintiffs mistakenly rely upon *Muslim Cmty. Ass'n of Ann Arbor & Vicinity v. Pittsfield Charter Twp.,* 947 F Supp 2d 752 (ED Mich 2013) which addressed pleading claims under Rule 12 vice summary judgment under Rule 56.
[3] Response, p.21, 22 [ECF No. 35]
[4] Amin Dep. p. 70, ln 1-10
[5] Response, p.17 [ECF No. 35] (emphasis added)
[6] *Arendale v. City of Memphis*, 519 F 3d 597 (6th Cir. 2008)

and feelings; however, Plaintiff has no such evidence and Clark is entitled to qualified immunity.[7]

Clark's actions were within the scope of his duties as a member and chairman of the ZBA and were taken with a reasonable belief that they were lawful. Clark neither knowingly violated any laws nor did he act in a plainly incompetent manner. Further, "[t]he protection of qualified immunity applies regardless of whether the government official's error is a mistake of law, a mistake of fact, or a mistake based on mixed questions of law and fact."[8] Accordingly, the Court should act to shield Clark from the harassment, distraction, and any looming liability borne of this lawsuit because he reasonably performed his duties as part of the ZBA.[9]

When assessing variance requests, Clark reviews the applicant's supporting materials, the materials presented to the ZBA by the City Administration, and any materials presented during the ZBA meeting. Clark is also briefed extensively by the City Attorney, or a member of the City Attorney's Staff, regarding each application being heard at a ZBA meeting. Finally, Clark balances all this information against the criteria for determining

---

[7] *Arendale*, 519 F 3d 597 (6th Cir. 2008) (a plaintiff's personal opinion that he was a victim of racial harassment was conjecture insufficient to avoid summary judgment)
[8] *Groh v. Ramirez*, 540 U.S. 551, 567 (2004) (Kennedy, J., dissenting)).
[9] *Guindon v. Twp. of Dundee, Mich.*, 488 F. App'x 27 (6th Cir. 2012)

3

whether a practical difficulty exists to warrant granting a variance under the Zoning Ordinance.

Clark followed these procedures when assessing Plaintiffs variance applications. During the meeting regarding Plaintiff's variance requests, Clark reiterated the criteria the ZBA must consider that would create a hardship justifying a variance. Clark allowed everyone who wanted to speak to do so and reminded everyone in attendance of the importance of the First Amendment. Clark—and the ZBA—was advised by the City Attorney and instructed to apply the standards applicable to any variance under the Zoning Ordinance. Clark went through the extensive review process of the information and materials provided by all concerned parties, determined Plaintiff's application did not meet the necessary criteria, and voted to deny Plaintiff's variance application.

Ultimately, Clark concluded Plaintiffs failed to meet their burden to establish a practical difficulty because they did not establish any exceptional characteristics of the property justifying any variances from requirements of the Zoning Ordinance. This determination was based exclusively on the criteria contained in the Zoning Ordinance and Plaintiff's religious practices and affiliation had nothing to do with it. During Clark's tenure on the ZBA he has always voted against variance applications when they did not meet the

4

criteria set forth in the Zoning Ordinance, including denying variances requested by two Christian churches—one of which Clark had a "personal affinity" for. It is preposterous for Plaintiff to allege Clark harbors religious animus toward the Muslim community when there is no evidence to support such an aspersion.

Clark has met his initial burden of demonstrating an absence of evidence to support Plaintiff's claims and Plaintiff has no specific facts showing that there is a genuine issue for trial. Clark did not act incompetently, and he had no reason to believe any action he took was unlawful because his decision was based solely on the criteria set forth in the Zoning Ordinance, made pursuant to the advice of the City Attorney, and not taken on any personal bias or other improper reason. Accordingly, Clark is entitled to the protections of qualified immunity and to summary judgment because he has shown that there is no genuine dispute as to any material fact related to his involvement in the denial of Plaintiff's variance application. Clark

requests this Court grant him summary judgment and enter an Order

dismissing him from this lawsuit.[10]

Dated: January 8, 2020              Respectfully Submitted,

                                  s/ Brandon Bolling (P60195)
                                  Thomas More Law Center
                                  24 Frank Lloyd Wright Drive
                                  Ann Arbor, MI 48106
                                  (734) 827-2001
                                  bbolling@thomasmore.org

                                  *Attorney for Plaintiff*

---

[10] Pursuant to Rule 10(c), Clark adopts by reference herein ECF Nos. 30, 32, & 40

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 8, 2020 a copy of the foregoing was filed with the Court via the District's Electronic Case Filing system which will serve copies upon all parties of record in this matter.

s/ Brandon M. Bolling