UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISON

**ADAM COMMUNITY CENTER,** a
domestic nonprofit corporation, a/k/a
**ADAM COMMUNITY (ACC),** a
Domestic nonprofit corporation**,**

    Plaintiff,

v.

**CITY OF TROY,** A Michigan municipal
Corporation, **TROY CITY COUNCIL, CITY
OF TROY PLANNING COMMISSION,
CITY OF TROY ZONING BOARD OF
APPEALS,** and **DANIEL AGAUAS, GLEN
CLARK, THOMAS DESMOND, DAVID
EISENBACHER, ORESTIS KALTSOUNIS,
PADMA KUPA, JAMES
MCCAULEY,** in their official Capacities as
Members of the **TROY ZONING
BOARD OF APPEALS,**

    Defendants.

Case No: 18-13481
Hon. Nancy G. Edmunds

| CAIR-MI | Lori Grigg Bluhm (P46908) | THOMAS MORE LAW CENTER |
|---|---|---|
| By: Amy V. Doukoure (P80461) | Allan T. Motzny (P37580) | BY: Richard Thompson (P21410) |
| *Attorney for Plaintiff* | *Attorneys for Defendants* | *Attorney for Defendant Glenn Clark* |
| 1905 S. Haggerty Rd. Suite 105 | 500 W. Big Beaver road | 24 Frank Lloyd Wright Drive |
| Canton, MI 48188 | Troy, MI 48084 | P.O. Box 393 |
| (248) 559-2247 Phone | (248) 524-3220 | Suite J-3200 |
| (248) 559-2250 Fax | Bluhmlg@troymi.gov | Ann Arbor, MI 48106 |
| adoukoure@cair.com | | (734) 827-2001 |
| | | rthompson@thomasmore.org |

**PLAINTIFF'S MOTIN FOR RECONSIDERATION OF THS COURT'S
ORDER ON INDIVIDUAL DEFENDNTS MOTION FOR SUMMARY
DISPOSITION AS TO DEFENDANT GLENN CLARK ONLY**

1

**NOW COMES,** Plaintiff, ADAM COMMUNITY CENTER, by and through its counsel, CAIR-MI LEGAL FUND, by Amy V. Doukoure, and in support of its Motion for Reconsideration avers as follows:

1. Plaintiff's filed their Complaint alleging inter alia civil rights violations made by the individual members of the City of Troy's Zoning Board of Appeals and to that end, Individual Defendant Glenn Clark.

2. Defendant's filed a Motion to Dismiss as their first response, which ultimately failed after hearing with this Court.

3. Plaintiff's submitted Discovery Requests of all Defendants including each named Individual Defendant and more specifically Defendant Glenn Clark, and each Individual Defendant submitted a response to those requests.

4. Individual Defendants filed a Motion for Summary Judgement, oral argument was held, and this Court issued its written Order and Opinion on August 26, 2020 granting both the collective Individual Defendants' and Glenn Clark's Motion for Summary Disposition, stating that there was not enough evidence of individual animus towards Plaintiff or the religion of Islam to make the Individual Defendant's Personally liable.[1]

---

[1] Originally all of the Individual Defendants were represented by the city Attorneys, however Defendant Glenn Clark during the course of litigation hired a separate attorney and therefore filed his own motion for summary disposition while the remaining individual Defendants continued to be collectively represented by the City of Troy Attorney.

2

5. After the Individual Defendants filed their Motions for Summary Disposition, but prior to this Court issuing its Order and Opinion, new evidence of Defendant Clark's actual bias against the religion of Islam.

6. It is based on this new information and evidence that Plaintiff's are filing this instant Motion for Reconsideration pursuant to Federal Rules of Civil Procedure Rule 59(e) and Local Court Rule 7.1(h).

7. Plaintiff relies on the facts and law as stated more fully in its Brief in Support of its Motion for Reconsideration.

**WHEREFORE**, Plaintiff respectfully prays this Honorable Court:

    A.    Reconsider its Order on Defendant Glenn Clark's Motion for Summary Dispostion;

    B.    Issue an Order that Defendant Glenn Clark shall be required to Defend this instant Matter;

    C.    Grant Any further relief this Court deems just and equitable.

Dated: September 9, 2020  
Submitted,
                              Respectfully

                          /s/ Amy V. Doukoure  
                          Amy V. Doukoure (P80461)  
                          CAIR-MI Legal Fund  
                              Attorney for Plaintiff

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISON**

**ADAM COMMUNITY CENTER,** a
domestic nonprofit corporation, a/k/a
**ADAM COMMUNITY (ACC),** a
Domestic nonprofit corporation**,**

    Plaintiff,

v.

**CITY OF TROY,** A Michigan municipal
Corporation, **TROY CITY COUNCIL, CITY
OF TROY PLANNING COMMISSION,
CITY OF TROY ZONING BOARD OF
APPEALS,** and **DANIEL AGAUAS, GLEN
CLARK, THOMAS DESMOND, DAVID
EISENBACHER, ORESTIS KALTSOUNIS,
PADMA KUPA, JAMES
MCCAULEY,** in their official Capacities as
Members of the **TROY ZONING
BOARD OF APPEALS,**

    Defendants.

**Case No: 18-13481
Hon. Nancy G. Edmunds**

---

**PLAINTIFF'S BRIEF IN SUPPORT OF ITS MOTION FOR RECONSIDERATION THIS COURT'S ORDER ON INDIVIDUAL DEFENDANT'S MOTION FOR SUMMARY DISPOSITION AS TO GLENN CLARK ONLY**

1

# TABLE OF MOST CONTROLLING AUTHORITY
**TABLE OF MOST CONTROLLING AUTHORITY**

**CASE LAW**

*Anderson*, 477 U.S. at 252

*Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)

Howard v. Magoffin Co. Bd. of Educ., 830 F.Supp.2d 308, 319 (E.D.Ky.2012)

*Matsushita*, 475 U.S. at 587

Thorpe v. Breathitt Cty. Bd. of Educ., 8 F. Supp. 3d 932, 948 (E.D. Ky. 2014)


**COURT RULES**

Federal Rules of Civil Procedure 59(e)

Local Court Rule 7.1(h)

i

## STATEMENT OF ISSUE PRESENTED

1. Should the Court Reconsider the Decision to Grant Defendant Glenn Clark's Motion for Summary Disposition When Defendant Glenn Clark Twice Withheld Documents Responsive to Requests from Plaintiff and Those Documents Present Sufficient Evidence of His Biases Against Plaintiff's as well as Evidence his Scheme to Act on Those Biases in a Manner that Violated Plaintiff's Rights and the Law?

   Plaintiff Answer's: Yes

## STATEMENT OF FACTS

A. **General Procedural Facts**

This matter has come before the Court as a result of Plaintiff's Complaint against the above named Defendants alleging religious discrimination in violation of the U.S. Constitution as well as violations of the Federal Religious Land Use and Institutionalized Persons act as set forth more fully in their Complaint.

Discovery has concluded and the Individual Defendants filed a Motion for Summary Disposition, this Court heard oral arguments in March 2020 and issued its written Order and Opinion granting the Individual Defendant's Motions on August 26, 2020. **See Exhibit A**. Plaintiff's did not file their own Motion for Summary Judgement. Plaintiff's Motion for Reconsideration of that August 26, 2020 Opinion and Order timely files and seeks relief only from the Order as it pertains to Defendant Glenn Clark.

This Court's Opinion and Order states as its reason for granting Defendant Clark's Motion for Summary Disposition, that there is insufficient evidence as to his personal bias against Muslims for him to be personally liable for discrimination.

B. **Facts Related to the Need for Reconsideration by the Court**

> *i.    Defendant Clark Failed to Turn Over Responsive Documents During Discovery That Clearly Indicate his Bias Against Muslims*

Plaintiff conducted diligent discovery in this matter as it relates to Glenn Clark, and requested several responsive documents from Defendant Clark including but not limited to any and all emails that he may have had in his possession and control that discussed or mentioned the application for variance which is the subject of this instant litigation. **See Exhibit B (request number 6)**. Defendant Clark filed his sworn response to Plaintiff's request alleging that he indeed had no responsive emails in his possession to Plaintiff's request and turned over only those documents which are part of the ZBA Hearing Package. **See Exhibit C**.

Plaintiff further noticed a deposition to Defendant Clark where it again sought emails and other documents related to or discussing the ZBA variance application, and hearing that is at issue in this instant litigation. **See Exhibit D**. However, Defendant Clark appeared at his deposition without a single document or piece of paper and claimed at the Deposition that no documents or emails regarding the Plaintiff's application or hearing existed except for the email which would have been from the City containing the hearing agenda and packet. **See Exhibit E** (Deposition Clark in Adams Case Pg. 9 Ln. 14-17).

However, at Defendant Glenn Clark's deposition pursuant to the Companion case concerning this very same manner, Defendant Clark turned over an email that was clearly responsive to both the Plaintiff's Request for Production and the Deposition Notice. **See Exhibit F[2].** Defendant Clark, in that deposition alleges that he obtained this email from a concerned citizen that he knew from his political work, and that it was unsolicited. See **Exhibit G**, Deposition of Defendant Clark in the companion case Pg. 86 Ln.10- Pg. 87 Ln.11 )

Generally, the email expresses Islamophobic tropes, is accompanied by a book written specifically with the intent to help municipalities like the city of Troy utilize zoning to keep Mosques out of the city as well as being intended to be a resource to advise attorneys as to how to defeat RLUIPA and other lawsuits from Mosques who assert their rights to a place of worship. **See Generally Exhibit F**. The author clearly shares an interest with Defendant Clark of stopping any mosque from being built in the city of Troy as it calls on Defendant to "keep up the good work," and talks about how much they "appreciate" Defendant Clark. **Exhibit F**.

---

[2] The Department of Justice has also sued the city of Troy alleging violations of RLUIPA. Defendant Clark is not named in that suit but sat for a deposition on August 10, 2020. This document which was produced during that deposition clearly should have been turned over in discovery as it was responsive to our requests. What is even more egregious is that this document was clearly sent to the city attorney who had knowledge of the email, yet it wasn't turned over by the City in its responsive documents to the Plaintiff's discovery request despite the Plaintiff having requested documents of this nature.

The forward of the book is written by Frank Gaffney Jr. who was the President and CEO of the Center for Security Policy. The Southern Poverty Law center calls the Center for Security and Policy an Anti-Muslim think tank and calls Frank Gaffney an extremist and one of America's most notorious Islamophobes. **See Exhibit H**. Frank Gaffney Jr. is also known for holding and creating anti-Muslim conspiracy theories.[3]

    ii.    *Defendant Clark Hires an Islamophobic Law Center to Defend Him Against Allegations that he Discriminated Against Muslims*

Defendant Clark retained the Thomas Moore Law Center as his council and retained them for the purposes of representing him at the Deposition with the Department of Justice. The Thomas Moore Law Center has as one of its key missions as "confronting the threat of radical Islam."[4] The information on the Thomas Moore Law Center's website, along with many of the litigation they've engaged in echo the Islamophobic sentiments of Frank Gaffney Jr.[5]

Defendant Clark's attorney went on a rant against Plaintiff's counsel at Defendant Clark's deposition on August 10, despite the fact that Plaintiff's counsel was not on the record, nor had the ability to defend herself or her organization. DOJ Dep. Clark. Pg. Ln. Many of what counsel for Defendant

---

[3] See generally https://en.wikipedia.org/wiki/Frank_Gaffney
[4] See generally https://www.thomasmore.org/key_issue/confronting-the-threat-islam/
[5] Id.

4

Clark said is unsubstantiated fodder, all of it unrelated to CAIR-Michigan and much of it echoing Islamophobic conspiracy theories found on their website. DOJ Dep. Clark Pg. 153 Ln. 5- Pg. 154 Ln. 3. Furthermore, Counsel for Defendant makes false statements regarding his "refraining from making comments about CAIR while [Plaintiff's] counsel was deposing [his] client" when in fact he, nor anyone from Thomas Moore Law Center was representing Defendant Clark at that time, nor were they present during the deposition.[6]

## LEGAL STANDARD

### I. Standard for Motion for Reconsideration

Federal Rules of Civil Procedure 59(e) allows a Party to seek relief from a final judgement or order. Local Court Rule 7.1(h) permits a motion for reconsideration within 14 days of the entry of an Order or judgement. Pursuant to 7.1 (h)(3) a court may grant a movant's motion for rehearing or reconsideration when there is a demonstration of "palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case."

---

[6] See generally, Defendant Clark's 2019 Deposition Transcript cover page detailing who was present and which counsel was representing each party.

Motions to reconsider are evaluated under the same standard as a motion to alter or amend a judgment under Rule 59(e). *Howard v. Magoffin Co. Bd. of Educ.*, 830 F.Supp.2d 308, 319 (E.D.Ky.2012) (citing Keith v. Bobby, 618 F.3d 594, 597–98 (6th Cir.2010)). In order to succeed on a motion for reconsideration the movant cannot rely merely on rearguing the same facts or legal issues. Instead the movant must show one of the following: "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Id.* (quoting *Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612, 615 (6th Cir.2010)). "Motions under Rule 59(e) must either clearly establish a manifest error of law or must present newly discovered evidence." Id." *Thorpe v. Breathitt Cty. Bd. of Educ.*, 8 F. Supp. 3d 932, 948 (E.D. Ky. 2014).

## II.     Motion for Summary Disposition

The moving party has the initial burden of demonstrating an absence of evidence to support the non-moving party's case. See *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). If the moving party carries this burden, the party opposing the motion "must come forward with specific facts showing that there is a genuine issue for trial." *Matsushita*, 475 U.S. at 587. The Court must determine whether the evidence presents a sufficient factual

6

disagreement to require submission of the challenged claims to a jury or whether the evidence is so one-sided that the moving party must prevail as a matter of law. *Anderson*, 477 U.S. at 252 ("[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff").

When deciding a motion for summary disposition the courts have stated that "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge." *Anderson*, 477 U.S. at 255. The courts further state that "The evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor." *Id* (quoting Adickes, 398 U.S., at 158-159.).

## ANALYSIS

In the instant matter, the email disclosed by Defendant Clark during the deposition in the Department of Justices' companion case provides evidence by which a jury could determine that Defendant Clark was acting pursuant to a scheme or other plan to disenfranchise Muslims, more specifically Plaintiff in this matter, from their constitutionally protected rights to freedom of religion and equal protection under the law. The email along with his choice in counsel whose mission it is to disenfranchise Muslims is a

7

clear indication of Defendant Clark's actual bias against Islam and Muslims, namely Adams Community Center.

The email is clear evidence that he has been discussing his Islamophobic feelings with the author of the email, and indicates that he is being congratulated for working hard to keep a "beach-head" (i.e. Mosque) from ever being built and that he is being encouraged to keep up the work of ensuring that Muslims do not have a place of worship in the city of Troy.

This evidence was sought during the discovery process, and should have been turned over, however it was not, therefore it was not available at the time that the Defendant filed his motion, nor was it available at the time that Plaintiff was required to respond. As such, this email evidence falls squarely within the scope of Local Rule 7.1 as being a "palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled." Furthermore, introduction of this email evidence, falls squarely within the scope of the applicable case law as being "newly discovered."

As such, this case is ripe for reconsideration as it pertains to Defendant Glenn Clark. This is especially true since Plaintiff is not asking for summary disposition on this matter and bears no burden of proof in Defendant's Motion for Summary Disposition. Furthermore, the presumption of evidence weighs

8

in favor of Plaintiff as the non-moving party, and Plaintiff is only required to make a showing that there is evidence such that a reasonable juror could find in favor of Plaintiff.

## CONCLUSION

Since there is newly discovered evidence that Defendant Clark holds bigoted, biased and Islamophobic views and sought to violate Plaintiff's constitutional rights to free exercise and equal protection under the law by acting on his bigoted views in an attempt to keep a Muslim place of worship from being established in the City of Troy, Defendant Clark is not entitled to judgement as a matter of law, and this honorable Court should reconsider its August 26, 2020 Opinion and Order as it relates to Glenn Clark only.

**WHEREFORE**, Plaintiff respectfully prays this Honorable Court:

A. Reconsider its Order on Defendant Glenn Clark's Motion for Summary Dispostion;

B. Issue an Order that Defendant Glenn Clark shall be required to Defend this instant Matter;

C. Grant Any further relief this Court deems just and equitable.

Dated: September 9, 2020                    Respectfully Submitted,

                                            CAIR-MI LEGAL FUND

9

/s/ Amy V. Doukoure
Amy V. Doukoure (P80461)
CAIR-MI Legal Fund
Attorney for Plaintiff

10

## CERTIFICATE OF SERVICE

I hereby certify that on September 9, 2020, I electronically filed the foregoing paper with the Clerk of Court using the ECF filing system which will forward notification of such filing to the following: all counsel of record.

/s/ Amy V. Doukoure
Amy V. Doukoure (P80461)
CAIR-MI Legal Fund
Attorney for Plaintiff