# EXHIBIT B

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISON

**ADAM COMMUNITY CENTER,** a domestic nonprofit corporation, a/k/a **ADAM COMMUNITY (ACC),** a Domestic nonprofit corporation**,**

    Plaintiff,

v.

**CITY OF TROY,** A Michigan municipal Corporation, **TROY CITY COUNCIL, CITY OF TROY PLANNING COMMISSION, CITY OF TROY ZONING BOARD OF APPEALS,** and **DANIEL AGAUAS, GLEN CLARK, THOMAS DESMOND, DAVID EISENBACHER, ORESTIS KALTSOUNIS, PADMA KUPA, DAVE LAMBERT, JAMES MCCAULEY,** in their official Capacities as Members of the **TROY ZONING BOARD OF APPEALS,**

    Defendants.

Case No: 18-13481
Hon. Nancy G. Edmunds

| CAIR-MI | Lori Grigg Bluhm (P46908) |
|---|---|
| By: Amy V. Doukoure (P80461) | Allan T. Motzny (P37580) |
| Attorney for Plaintiff | Attorneys for Defendants |
| 30201 Orchard Lake Road Suite 260 | 500 W. Big Beaver road |
| Farmington Hills, MI 48334 | Troy, MI 48084 |
| (248) 559-2247 Phone | (248) 524-3220 |
| (248) 559-2250 Fax | Bluhmlg@troymi.gov |
| adoukoure@cair.com | |

**PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS FROM DEFENDANT GLEN CLARK**

Plaintiff herein, Adam Community Center, by and through his attorney, CAIR-MI., and more specifically, AMY V. DOUKOURE, submit the following Requests for Production of Documents and Interrogatories to be responded to by Defendant, DANIEL AGAUAS be responded to in accordance with such.

The information sought must be given under oath whether this information is in the possession of or secured by you, your attorney, an investigator retained by you or on your behalf, or any other agent or representative whether personally known to you or not.

The answers to Interrogatories must be served upon the undersigned attorney within **twenty-eight (28) days** from the time these Interrogatories are served upon you and document production must be served upon the undersigned attorney within **twenty eight (28) days** from the time these requests are served upon you. These Interrogatories are continuing in nature and supplemental answers are required upon receipt of additional or further information by you, either directly or indirectly, up to the time of trial.

# **DEFINITIONS**

The following definitions are applicable:

- "Plaintiff" shall include **ADAM COMMUNITY CENTER** as well as any and all agents, servants, associates, employees, lawyers, accountants, private investigators and others who are representing or have represented Plaintiff.

- "Defendant" shall include **GLEN CLARK** (hereinafter ("DEFENDANT")), as well as any and all agents, servants, associates, employees, lawyers, accountants, private investigators and others who are representing or have represented the Defendant**.**

- Any reference to any of the co-Defendants in this matter other than the Defendant to whom this discovery request is addressed shall be so identified by the term "Defendant" followed by the name of the entity defendant or individual defendant which is being referenced.

- "And" as well as "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of this request any information which might otherwise by construed to be outside its scope.

- "Communication" means any transmission or exchange of information, written or oral, formal or informal, regarding anything herein inquired into.

- "Oral communication" means and includes any face-to-face conversation, meeting, conference, telephone conversation, or telephone conference.

- "Date" means the exact day, month and year, if ascertainable, or if not, the best approximation thereof in relation to other events.

- The term "documents" shall be given its broadest possible definition consistent with MCR 2.310 including, but not limited to, all written, recorded or graphic material of any kind, including the originals and all non-identical copies, whether different from the originals only by reason of notation made on such copies or otherwise. This includes without limitation, correspondence, memoranda, notes, diaries, numerical charts, letters, telegrams, contracts, reports, studies, statements, receipts, returns, summaries, pamphlets, books, prospectuses, interoffice communications, offers, notations of any sort of conversations, telephone call messages, meeting notes or minutes, bulletins, computer printouts, teletypes, telefaxes, worksheets, checks, invoices, banking instruments, accounting papers, books and records and other such items utilized to transfer or pay funds or assets, and all drafts, alterations, modifications, changes and amendments of any of the foregoing. This also includes graphic or aural records or representations of any kind including, without limitation, photographs, blue prints, building plans, schematic drawings, charts, graphs, microfiche, microfilm, videotape, recordings, and motion pictures. This also includes electronic, mechanical, or electric records or representations of any kind including, without limitation, tapes, cassettes, discs, recordings, and any data stored in a computer or on computer disks. Documents shall include all attachments, enclosures, and other documents that are attached to, relate to, or refer to the

requested documents. And non-identical copies of an original document, whether different from the original only by reason of notation made on such copies or otherwise, are to be considered separate and distinct documents and must be produced.

- The term "person" shall mean, in the plural as well as in the singular, any natural person, firm, association, partnership, corporation, or other form of legal entity.

- The singular form of a noun or pronoun is meant to include within its meaning the plural form of the noun or pronoun, or vice versa; in a similar fashion, and in similar fashion, the use of any tense of a verb shall be considered also to include within its meaning all other tenses of the verb so used.

- "You" or "your" includes "person" as that term is previously defined.

- "Third Party" means any person who is not a party to the above-captioned lawsuit.

- "Complaint" means and refers to the Plaintiff's Complaint in the above-captioned lawsuit.

# INTERROGATORIES

1. Please provide the names, date of birth, and contact information for all individuals who are assisting in the completion of this request.

**ANSWER:**

2. What is your educational background, including diplomas, degrees, certificates, trainings or skilled trades? Please also provide the date that each was obtained?

**ANSWER:**

3. What is your current occupation and job title? How long have you held this position/title?

**ANSWER:**

4. How long have you been a member of the City of Troy Zoning Board of Appeals (hereinafter "ZBA")?

**ANSWER:**

5. What is your current position on the ZBA? How long have you held this position?

**ANSWER:**

6. Have you held any other positions within the city of Troy, including positions that you were elected for, positions you were appointed for, or volunteer positions?

**ANSWER:**

7. If the answer to interrogatory 6 was "yes" please provide:
   a. The name of that position;
   b. You job function in that position:

      c. When you held that position;
      d. How long you held the position for;
      e. How you obtained the position;
      f. Why you left the position;

**ANSWER:**

8. As a member of the ZBA, what official functions do you perform?

**ANSWER:**

9. Do you have any special, unique or specific functions based on your position on the ZBA?

**ANSWER:**

10. If your answer to interrogatory number 9 is a "yes", please describe those functions which you perform that are special, unique or specific based on your position on the ZBA.

**ANSWER:**

11. If your answer to interrogatory number 9 is a "yes", please describe how those functions which you perform that are special, unique or specific affect the procedural function of the ZBA and the decision making function of the ZBA?

**ANSWER:**

12. During your tenure on the ZBA have you ever voted to approve a variance that was opposed by at least one member of the Troy community?

**ANSWER:**

13. During your tenure on the ZBA have you ever voted to against a variance request because there was opposition from the community?

**ANSWER:**

14. If your answer to question number 13 is a "yes" please provide the dates of the variance hearings for those variances you voted against due to community opposition?

**ANSWER:**

15. If your answer to question number 13 is a "yes" please provide the language of the city ordinances, administrative rules, polices or procedures that you believe either give (1) gives you the authority to deny variances based on community opposition (2) requires to you deny a variance when there is community opposition along with an explanation of your understanding of the same.

**ANSWER:**

16. Please provide a detailed explanation of when a variance should be granted under the language of the city ordinance.

**ANSWER:**

17. Do you believe that you are required to vote in favor of a variance when an applicant has shown that they have met the criteria set forth in the ordinance? If not, explain why you believe that an applicant who has met the criteria for a variance approval is not entitled to the approval, and under what basis you would still vote against approval of a variance request despite an applicant being otherwise entitled.

**ANSWER:**

18. Do you currently, or in the past three years, hold a position on a board for a non-profit organization with a religious affiliation, including, but not limited to, a church?
    a. If so, what is your position?
    b. For how long have held that position?
    c. What are your duties in that position?

**ANSWER:**

19. Do you currently, or have you in the past three years, been a member of a church?
    a. If so, what church, and what is the denomination of that church?
    b. For how long have you been a member of the church?

   c. What is the physical address of the church?
   d. Do you now or have you ever participated in any discussions pertaining to land use, expansion, development, or construction projects at the church?
     i. If so, please describe your involvement in those discussions.

**ANSWER:**


20. At the Zoning Board hearing for Plaintiff's Variance held at the city of Tory municipal building on June 19, 2018, please answer the following:
    a. Regarding your comments about the church that was built please provide the name, address and list of board members for the church;
    b. Please describe in detail your affiliation with that church;
    c. Please describe in detail any and all conversations you had with any member of the church, board member of the church, or church clergy regarding the construction, permit process for the city of Troy, zoning regulations for the city of Troy;
    d. Please provide the date of any and all zoning board hearings involving the construction, zoning, or any other matter involving that church, as well as describe in detail your involvement in that process and hearing whether for the city or for the church.

**ANSWER:**


21. For each and every affirmative defense asserted in your answer to Plaintiff's Complaint please provide the complete factual and legal basis on which you will rely in support of those affirmative defenses.

**ANSWER:**


22. Please provide a detailed explanation as which specific requirements Plaintiff failed to satisfy in order to obtain a variance, along with specific factual details you relied when voting against Plaintiff's variance request.

**ANSWER:**

23. Please provide a detailed explanation as to your vote on December 28, 2018 which allowed two commercial buildings to obtain a variance that will leave no setback between the commercial building and the residential district, including but not limited to the specific factual basis which you determined that the applicant for that variance satisfied each and every ground required to obtain that variance

**ANSWER:**


24. Please provide a detailed list of all times that you have voted in favor of allowing a variance for a commercial building that would leave no set-back from the adjacent residential property between January 1, 2016 and the date of answering these interrogatories.

**ANSWER:**


25. Please provide a detailed explanation of your understanding of any and all efforts of Plaintiff to obtain either a place of worship or a community center in the City of Troy since 2013 along with your participation in those efforts.

**ANSWER:**


26. Please provide a detailed explanation of your denial of the allegations contained in paragraph 32 of Plaintiff's Verified Complaint that you "Bragged during recent ZBA hearings" of how your "church had just built one of the largest churches in the city of Troy," given the recording of the ZBA hearing on June 19, 2018, or otherwise admit that your answer to Paragraph 32 was made knowing that it was false when you said it.

**ANSWER:**


27. Please provide a complete factual basis for your denial of the allegations contained in Paragraph 40 of Plaintiff's Verified Complaint.

**ANSWER:**


28. Please provide a detailed explanation as to how you voted no for a variance request for Plaintiff's variance application at the hearing in June 2018 when you claim in your Answer

    to Plaintiff's Verified Complaint Paragraph 44 to lack the knowledge of specific characteristics of the property at issue at that hearing and in this instant litigation.

**ANSWER:**

29. Please provide an explanation of how much or how little parking factored into your decision to vote "NO" for Plaintiff's variance request since parking was one of the very few concerns of the city of Troy residents and the only major concern of the resident that was adjacent to the property, in light of the fact that your answer to Plaintiff's Verified Complaint paragraph 44 was that you "lacked knowledge" about the parking.

**ANSWER:**

30. Please provide a detailed explanation of how much or how little the size of the building and the placement of the building on the subject property given your Answer to Paragraphs 44, 46, 52 in Plaintiff's Verified Complaint that you lacked knowledge regarding the specific details of the property that was at issue at the June 2018 ZBA hearing and the subject of this instant litigation.

**ANSWER:**

31. Please provide the factual basis for your denial contained in Plaintiff's Verified Complaint Paragraph 55, regarding the statements made by Mr. Paul Evans.

**ANSWER:**

32. Please provide a detailed explanation for your answer to Plaintiff's Verified Complaint Paragraph 57 where you stated that you lack of knowledge of the application, and details of what took place at the ZBA hearing that is the subject of this litigation given the fact that you were present at, and participated in that hearing and were responsible for making a determination on Plaintiff's application after that hearing.

**ANSWER:**

33. Please admit that the reason that you are unaware of any of the specifics regarding the property at issue, the application and the hearing that took place on Plaintiff's variance hearing which is the subject of this instant litigation is because you had predetermined to vote "NO" on the application without reading it due to Plaintiff's identity as a Muslim religious organization.

**ANSWER:**


34. If your answer to Interrogatory number 33 is anything other than an unmitigated "admit" please provide a detailed factual explanation for your complete lack of knowledge of anything having to do with the subject property, application and ZBA hearing that is the subject of this instant litigation.

**ANSWER:**


35. With regards to your answer to Plaintiff's Verified Complaint Paragraphs 59 and 60, that Plaintiff provided only a partial recitation of the criteria of the ZBA for when a variance should be granted, please provide the entire recitation, and explain how that differed from what was in Plaintiff's Complaint.

**ANSWER:**


36. With regards to your Answer to Plaintiff's Verified Complaint Paragraph 61, that Plaintiff's complaint fails to accurately state the code accurately please provide the exact language of the provision at issue as well as a detailed explanation of what you believe was misstated.

**ANSWER:**


37. With regards to your Answer to Plaintiff's Verified Complaint Paragraph 63 that the ZBA provided a finding of facts and factual basis for the denial of Plaintiff's Variance application, please provide the specific factual basis under which you determined that Plaintiff's were not entitled to a variance and constituted your "NO" vote.

**ANSWER:**

38. With regards to your answer to Plaintiff's Verified Complaint Paragraph 65, that you were "misquoted" and that your statements were "mischaracterized", please provide a detailed account of your actual statements.

**ANSWER:**

39. Do you believe that an applicant for a variance is asking the ZBA, or you personally to "break the law?" Please provide a detailed explanation of your rationale for your beleifs.

**ANSWER:**

40. When considering a variance application are you required to determine whether or not the proposed use is compatible with the previous use and the characteristics of the zoning district where it is located?

**ANSWER:**

41. When considering a variance application are you required to determine whether or not the proposed use would alter the way in which the subject property is already permitted for use, and would alter the characteristics of the community where it is located?

**ANSWER:**

42. If your answer to either interrogatory 40 or 41 was "yes" please explain how you adjudicated and voted on Plaintiff's variance request which is the subject of this instant litigation in light of the fact that you answered that you "lacked knowledge" of these items consistent with your duties as outlined in Plaintiff's Verified Complaint Paragraphs 76 and 77.

**ANSWER:**

43. For anything other than an unmitigated "Admit" for your answer to Plaintiff's Request for Admissions below, please provide a specific factual basis for your response.

**ANSWER:**

## **REQUEST FOR PRODUCTION OF DOCUMENTS**

1. Please produce all documents that you intend to introduce at trial that support any or all of your affirmative defenses.

2. Please produce all documents associated with your affiliation to any religious community whether as a member, board member, or trustee.

3. Please produce all documents that you intend to introduce at trial in your defense.

4. Please produce copies of all credentials that you hold which are associated with your position on the ZBA or your qualifications to sit on the ZBA for the city of Troy.

5. Please produce a copy of the notes, transcript and recording of the ZBA hearing at issue in this matter.

6. Please produce all non-privileged documents, emails, memorandum, notes, internal and external correspondences in your possession that discuss the Plaintiff's Application for Variance or the Variance Hearing which is the subject of this instant litigation, between yourself and any other individual no matter how associated with this matter, that is in your possession, or can reasonable be obtained by yourself. For those items which you are either claiming privilege or those which you have knowledge of, but assert you cannot produce, please provide a detailed explanation of those documents, their contents, and where they are located.

7. Please produce a copy of all documents created by you or created with your assistance regarding the construction of the church that you attend, or did attend, that you spoke about during the June 2019 ZBA hearing at issue in this litigation including but not limited to site plans, drafts of site plans, applications for variances or applications for certificates of compliance.

8. Please produce all documents reviewed by you whether or not utilized, in preparation for your Answer to Plaintiff's Verified Complaint.

**REQUEST FOR ADMISSIONS**

1. Please admit that you voted to approve a variance request for two commercial buildings in December 2018 in the "GB" district which left the buildings with no setback from residential properties.

   **ANSWER:**

2. Please admit that you did not properly prepare to adjudicate Plaintiff's Variance Application prior to the hearing and that you still lack knowledge of the basic facts and arguments made on the application and at the hearing.

   **ANSWER:**

3. Please admit that your lack of preparation was due to your advanced decision to vote "NO" on an application made by Plaintiff based on religious animus towards the Muslim community.

   **ANSWER:**

4. Please admit that you have approved a variance request for other religious places of worship that left those religious places of worship with buildings as large or larger than the one at issue in this matter and left them with no setback from residential properties.

   **ANSWER:**

5. Please admit that you stated on the record at the ZBA hearing at issue in this matter that Plaintiff was asking you to "break the law."

   **ANSWER:**

6. Please admit that you spoke at length about a church which you are a member that built a substantial building, and that you stated it was built on probably the last piece of land inside the city of Troy which would be acceptable to build a place of worship.

   **ANSWER:**

7. Please admit that you stated to Plaintiff that they should look outside the city of Troy for a place to build their religious place of worship.

**ANSWER:**

Dated: July 2, 2019                                              Respectfully submitted,

**CAIR-MI**

/s/
By: Amy V. Doukoure (P80461)
Attorney for Plaintiff
30201 Orchard Lake Road Suite 260
Farmington Hills, MI 48334
(248) 559-2247 Phone
(248) 559-2250 Fax
adoukoure@cair.com