UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ADAM COMMUNITY CENTER,
a domestic nonprofit corporation, a/k/a     Civil Action No. 18-13481
ADAM COMMUNITY (ACC), a
domestic nonprofit corporation,             Hon. Nancy G. Edmunds

    Plaintiff,

v.

CITY OF TROY, *et al*,
    Defendants.
_____/

| | |
|---|---|
| Amy V. Doukoure (P80461) | Lori Grigg Bluhm (P46908) |
| Council on American Islamic Rel. | Allan T. Motzny (P37580) |
| Attorney for Plaintiff | Attorneys for Defendants City |
| 1905 S. Haggerty Rd. Ste.105 | of Troy, Troy City Council, Troy |
| Canton, MI 48188 | Planning Commission, Troy |
| (248) 559-2247 – Phone | Zoning Board of Appeals, Daniel |
| adoukoure@cair.com | Agaus, David Eisenbacher, |
| | Orestis Kaltsounis, Padma |
| Thomas More Law Center | Kuppa, and James McCauley |
| Richard Thompson (P21410) | 500 W. Big Beaver Road |
| Attorney for | Troy, MI 48084 |
| Defendant Glenn Clark | (248) 524-3320 – Phone |
| 24 Frank Lloyd Wright Drive | Bluhmlg@troymi.gov |
| P.O. Box 393 | motznyat@troymi.gov |
| Suite J-3200 | |
| Ann Arbor, MI 48106 | |
| rthompson@thomasmore.org | |

_____/

**DEFENDANT CITY OF TROY'S RESPONSE TO PLAINTIFF'S
MOTION FOR RECONSIDERATION OF THIS COURT'S ORDER**

## **ON INDIVIDUAL DEFENDANTS MOTION FOR SUMMARY JUDGMENT AS TO GLENN CLARK ONLY AND BRIEF IN SUPPORT OF RESPONSE**

## **RESPONSE TO MOTION**

Defendant City of Troy in response to Plaintiff's motion for reconsideration states as follows:

1. Admit.

2. Admit all Defendants filed a motion to dismiss as its first responsive pleading but deny that said motion failed since the motion was granted in part.

3. Admit.

4. Admit this Court granted summary judgment in favor of the individual Defendants finding they were entitled to qualified immunity and also finding there was no evidence that each of the Defendants voted to deny Plaintiff's variance application based on animus toward Plaintiff's religion.

5. Denied. There is no new evidence Defendant Clark is biased against the religion of Islam.

6. There is no new evidence supporting a motion for reconsideration.

7. As set forth more fully in the accompanying brief, there is no basis for granting the motion for reconsideration.

Defendant City of Troy prays this Court enter its order denying the motion for reconsideration.

Dated: October 13, 2020

                              s/Allan T. Motzny (P37580)
City of Troy Attorney's Office
Attorney for Troy Defendants
500 W. Big Beaver Road
Troy, MI 48084
(248) 524-3320
motznyat@troymi.gov

**BRIEF IN SUPPORT OF DEFENDANT CITY OF TROY'S RESPONSE TO PLAINTIFF'S MOTION FOR RECONSIDERATION OF THIS COURT'S ORDER ON INDIVIDUAL DEFENDANTS MOTION FOR SUMMARY JUDGMENT AS TO GLENN CLARK**

**COUNTER STATEMENT OF ISSUE PRESENTED**

Should this Court reconsider its decision to grant summary judgment in favor of Defendant Glenn Clark when Plaintiff has failed to demonstrate a palpable defect by which the court and the parties and/or other persons entitled to be heard on the motion have been misled?

## STATEMENT OF MOST CONTROLLING OR MOST APPROPRIATE AUTHORITY FOR THE RELIEF SOUGHT

The controlling authority for the relief requested in Plaintiff's motion is E.D. Mich. LR 7.1(h).

## COUNTER STATEMENT OF FACTS

Plaintiff Adam Community Center filed a complaint against the City of Troy, Troy City Council, City of Troy Planning Commission, City of Troy Zoning Board of Appeals (ZBA), and individual ZBA members Daniel Agauas, Glenn Clark, Thomas Desmond, David Eisenbacher, Orestis Kaltsounis, Padma Kuppa, Dave Lambert, and James McCauley. The complaint alleges violations of the Religious Land Use and Institutionalized Persons Act (RLUIPA) U.S.C. Section 2000 cc, and it also seeks relief under 42 U.S.C. §1983 based on alleged violations of the United States Constitution.

The claims against the individual ZBA members are based on their actions and conduct that took place at a ZBA meeting and public hearing held on June 19, 2018. At that meeting, the ZBA unanimously denied variances that were requested by Plaintiff. This lawsuit was filed on November 8, 2018.

During the course of discovery, as noted on page 2 of Plaintiff's brief, the Plaintiff made a request for production of documents to the

4

individual ZBA member defendants for emails that discussed or mentioned the application for variance which is the subject of this litigation. Subsequently, Plaintiff took the deposition of individual Defendant Clark and, as noted on page 2 of its brief, Plaintiff requested that Clark produce emails and other documents related to or discussing the ZBA variance application.

On August 10, 2020, the United States of America took the deposition of Glenn Clark in its separate action against the City of Troy. That lawsuit also alleges violations of RLUIPA related to the denial of variances requested by Plaintiff. At that deposition, Clark produced a copy of an email that was sent to him on November 29, 2018. The email included an attachment labelled "Mosques in America." A copy of the email and the attachment are attached to Plaintiff's brief as Exhibit F.

A copy of the transcript of Clark's deposition in the case filed by the United States is attached to Plaintiff's brief as Exhibit G. At that deposition, Clark testified he did not know if the email had anything to do with "*this matter*" because he never read the document. Clark Dep Tr p 84, lines 21 - 25, p 90, line 17. He also testified he knows the person who sent the email and that her name was Ruthann

Dawley, Clark Dep Tr p 86, line 20, but he did not speak to her before voting on any matters involving Adam Community Center. Clark Dep Tr p 92, lines 2 - 3. Although he was aware of her viewpoints, Clark stated he did not share those viewpoints. Clark Dep Tr p 146 line 23 – p 147, lines 1 – 6.

On August 26, 2020, this Court issued its opinion and order granting summary judgment in favor of the individual ZBA member defendants based on qualified immunity. A copy of the opinion and order is attached to Plaintiff's brief as Exhibit A. Among the reasons given for the Court's decision, as noted on page 14, is that the evidence proffered by the Plaintiff *"does not establish that each of the Individual Defendants' vote to deny Plaintiff's variance application was based on animus toward Plaintiff's religion."*

Plaintiff now claims the email produced by Glenn Clark at his deposition is newly discovered evidence that "*Clark was acting pursuant to a scheme or plan to disenfranchise Muslims … from their constitutionally protected rights of freedom of religion and equal protection under the law.*" For reasons set forth below, Defendant City of Troy contends this claim has no merit.

6

## STANDARD OF REVIEW

Local Rule 7.1(h)(3) provides:

"Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case."

"A palpable defect is a defect which is obvious, clear, unmistakable, manifest, or plain." *Fleck v Titan Tire Corp.,* 177 F Supp 2d 605, 624 (ED Mich, 2001). "The decision whether to grant reconsideration lies largely within the discretion of the court." *Yuba Natural Res., Inc. v United States,* 904 F2d 1577, 1583 (Fed, 1990).

## ARGUMENT

### 1. THERE IS NO PALPABLE DEFECT

Plaintiff incorrectly argues the email, which is the subject of the motion for reconsideration, should have been provided in response to discovery requests made by Plaintiff prior to the hearing on the motion for summary judgment. However, a review of the email indicates the document does not even mention Plaintiff's variance or its application for a variance. Moreover, the email was sent to Glenn Clark on November 29, 2018 – after the lawsuit was filed and more

7

than five months after the hearing on Plaintiff's application for a variance. Since the email does not specifically relate to the Plaintiff's application for a variance or the hearing that took place on the variance request, there was no reason to provide it in response to Plaintiff's prior discovery requests. Accordingly, there is no palpable defect in this matter.

## 2. THERE IS NO NEW EVIDENCE THAT WOULD AFFECT THE COURT'S DECISION GRANTING SUMMARY JUDGMENT

Plaintiff contends the email received by Glenn Clark on November 29, 2018 is evidence his decision made more than five months prior to that date to deny Plaintiff's variance was based on bias against the religion of Islam. However, there is nothing in the record of the ZBA hearing that shows that any member of the ZBA based his or her decision to deny the variance on anything except the standards set forth in the zoning ordinance. Accordingly, as this Court found, there is nothing to show that any individual defendants *"acted objectively unreasonable under the circumstances."*

Plaintiff apparently contends the email is evidence that Glenn Clark acted objectively unreasonable in his decision to deny Plaintiff's variance, and for that reason, the Court incorrectly determined Clark was entitled to qualified immunity. The email, however, is not

8

evidence of anything other than the fact that Clark received an email more than five months after the decision on the variance from a person who may be biased against the Islam religion. The email is clearly not direct evidence that Clark's decision to deny the variance was based on bias. Clark did not author the email, he did not read it, and he did respond to it. Thus, there is no proof that Clark agrees with the viewpoint expressed in the email.

It appears Plaintiff is taking the position the email is circumstantial evidence that Clark's actions in this case were based on animus towards Plaintiff's religion. In other words, Plaintiff speculates that since Clark received an email from someone who may be biased against Islam, the finder of fact could reasonably infer his decision to deny the variance was due to his own bias against Muslims as opposed to being based on the zoning ordinance standards. However, a Plaintiff cannot rely on conjecture or conclusory accusations to survive a motion for summary judgment. *Arendale v City of Memphis,* 519 F3d 587, 605 (CA 6, 2008). In order to defeat a summary judgment motion, Plaintiff must produce sufficient probative evidence that would permit a finding in its favor, which must go beyond mere speculation. *Id.* In *Arendale*, Plaintiff filed a Section 1983 action, claiming that he was the subject of racially

9

motivated harassment. The plaintiff was a white police officer who argued that criticism he received from his African-American supervisor proved racial animus. *Id.,* 605. However, only the plaintiff's personal opinion that he was the victim of racial harassment was proffered. *Id.* Such conjecture was insufficient to survive a motion for summary judgment. *Id.,* 606. Likewise, in this case, even if the email had been provided to Plaintiff prior to the hearing on the motion for summary judgment, and even if Plaintiff submitted the email as evidence in support of its claims, it would not have made any difference in this Court's decision because the email fails to demonstrate that Glenn Clark acted with bias when he denied the Plaintiff's variance request. If the receipt of an unsolicited email could be used to impose liability, then any person who received an email from someone with a biased viewpoint could be held liable for discrimination even when there was no other evidence to support such a claim. Allowing a case to proceed based on such speculation and conjecture is improper.

Therefore, this Court should enter its order denying the motion for reconsideration as there is no showing of a palpable defect and even if the email had been provided to Plaintiff before the hearing on

the motion for summary judgment, it would not have made any difference in the Court's decision.

Dated: October 13, 2020   s/Allan T. Motzny (P37580)
City of Troy – City Attorney's Office
Attorney for Defendant City of Troy
500 W. Big Beaver Road
Troy, MI 48084
(248) 524-3320
motznyat@troymi.gov

## Certificate of Service

I hereby certify that on October 13, 2020, I electronically filed DEFENDANT CITY OF TROY'S RESPONSE TO PLAINTIFF'S MOTION FOR RECONSIDERATION OF THIS COURT'S ORDER ON INDIVIDUAL DEFENDANTS MOTION FOR SUMMARY JUDGMENT AS TO GLENN CLARK ONLY AND BRIEF IN SUPPORT OF RESPONSE with the Court using the ECF system and served notice of such filing to all parties of record using the ECF system.

Dated: October 13, 2020   s/Allan T. Motzny (P37580)
City of Troy – City Attorney's Office
Attorney for Defendant City of Troy
500 W. Big Beaver Road
Troy, MI 48084
(248) 524-3320
motznyat@troymi.gov