**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

ADAM COMMUNITY CENTER,

        Plaintiff,                   Case No. 18-13481

v.                                       Honorable Nancy G. Edmunds

CITY OF TROY, *et. al.*,

        Defendants.

_____/

## ORDER ON PLAINTIFF'S MOTION FOR RECONSIDERATION [55]

Pending before the Court is Plaintiff's motion for reconsideration of the Court's August 10, 2020 order granting summary judgment to the Individual Defendants on the basis of qualified immunity. (ECF No. 55.) Plaintiff argues that the Court should reconsider its finding of qualified immunity as to Defendant Glenn Clark in light of new evidence uncovered in parallel proceedings involving the Department of Justice. Specifically, Plaintiff points to the following new evidence to support its motion for reconsideration: (1) a November 29, 2018 e-mail sent to Defendant Clark from a nonparty that includes derogatory comments about Islam and the presence of Muslims in the City of Troy, and (2) the fact that Defendant Clark, unlike the other members of the City of Troy's zoning board of appeals, retained the Thomas More Law Center as his legal counsel. Plaintiff claims this evidence was first discovered on August 10, 2020 at Defendant Clark's deposition by the Department of Justice.

Pursuant to Rule 7.1(h) of the Local Rules for the Eastern District of Michigan, a party may move for reconsideration of an order within fourteen days of the order's

1

issuance. For the motion to succeed, the movant "must not only demonstrate a palpable defect by which the Court and the parties . . . have been misled but also show that correcting the defect will result in a different disposition of the case." E.D. Mich. L. R. 7.1(h). A court generally will not grant a motion for reconsideration that "merely present[s] the same issues ruled upon by the Court, either expressly or by reasonable implication." *Id.*

Here, having reviewed the briefing of the parties and the record on this matter in its entirety, the Court finds Plaintiff's motion should be denied. The Court begins its analysis with the e-mail to Mr. Clark. While the Court agrees with Plaintiff that the e-mail displays animus towards Islam, the e-mail does not create a genuine issue of fact as to whether Defendant Clark acted with religious animus in voting to deny Plaintiff's request for a variance such that he is not entitled to qualified immunity on Plaintiff's claims. The e-mail was sent several months after the vote on the variance and makes no reference to those proceedings.[1] It also does not present any evidence of Defendant Clark's views at the time of his vote or that his vote was based on animus towards Plaintiff's religion. And there is no indication that the Court was misled as the e-mail was not responsive to Plaintiff's discovery requests.[2] The Court agrees with Defendants that this document is not directly relevant to the issues resolved on summary judgment and does not require overturning the Court's ruling.[3]

---

[1] In fact, it was sent after Plaintiff filed this lawsuit.
[2] Unlike the Government's discovery requests which more broadly ask for documents and communications related to Islam, Plaintiff's discovery requests are more narrowly tailored and seek documents and communications concerning the ZBA's vote to deny Plaintiff's variance request.
[3] To be clear, this does not mean that the e-mail may not be relevant in other contexts.

Next, the Court turns to Defendant Clark's choice of counsel as evidence of religious animus.  The Court agrees with Defendants that the identity of Defendant Clark's counsel was known to Plaintiff well before Defendants filed their motions for summary judgment.  Therefore the proffered evidence cannot be described as newly discovered and is an inappropriate basis for granting a motion for reconsideration.  This, however, does not mean the Court agrees with Defendants' arguments concerning the relevance of such evidence under the right circumstances.  That issue is not resolved here today.

In sum, the Court finds Plaintiff fails to meet its burden to establish a palpable defect by which the Court and the parties were misled, or that correcting the defect will result in a different disposition of this case.  Accordingly, Plaintiff's motion for reconsideration is **DENIED**.

**SO ORDERED**.

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: December 20, 2020

I hereby certify that a copy of the foregoing document was served upon counsel of record on December 20, 2020, by electronic and/or ordinary mail.

s/Lisa Bartlett
Case Manager