UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ADAM COMMUNITY CENTER,
a domestic nonprofit corporation, a/k/a           Civil Action No. 18-13481
ADAM COMMUNITY (ACC), a
domestic nonprofit corporation,                    Hon. Nancy G. Edmunds

      Plaintiff,
v.

CITY OF TROY, *et al*,
      Defendants.
_____/

**DEFENDANT'S MOTION TO SUPPLEMENT THEIR MOTION FOR SUMMARY JUDGMENT TO ASSERT AN ADDITIONAL ARGUMENT BASED ON MOOTNESS; BRIEF IN SUPPORT OF MOTION**

**MOTION TO SUPPLEMENT MOTION FOR SUMMARY JUDGMENT**

Defendants City of Troy, Troy City Council, Troy Planning Commission, and Troy Zoning Board of Appeals (Defendants) move for an order allowing a supplemental argument to be added to its previously filed motion for summary judgment (ECF No. 68) based on mootness for the following reasons:

1. Plaintiff filed a complaint against the above-named Defendants and individual members of the City of Troy Zoning Board of Appeals (ZBA), alleging violations of the Religious Land Use and Institutionalized Persons

1

Act (RLUIPA) U.S.C. Section 2000 cc, and also seeking relief under 42 U.S.C. §1983 based on alleged violations of the United States Constitution.

2. This case was consolidated for discovery purposes with a case filed by the United States of America, Case No. 19-cv-12736, (USA case) because the two cases involved the same facts and issues and are based on allegations that the City's zoning ordinance violated RLUIPA.

3. Both cases alleged Sections 6.21 (E) – (F) of the City of Troy Zoning Ordinance, which prohibited Plaintiff from using property at 3635 Rochester Road as a place of worship because of setback and parking restrictions, violated RLUIPA.

4. Both cases sought injunctive relief to allow Plaintiff to use the property as place of worship.

5. The individual Defendants have all been dismissed from the lawsuit. ECF No. 54.

6. The remaining parties in this case filed cross motions for summary judgment, to which both parties have filed responses and replies.  ECF No's. 66, 68, 70, 72, 73 and 74.

7. Cross motions for summary judgment were also filed in the USA case resulting in a final decision that enjoined the City of Troy, its officers,

employees, agents, successors from enforcing Sections 6.21 (E) – (F) of its Zoning Ordinance. ECF No. 55 in USA case.

8. This Court has not entered a ruling on the cross motions for summary judgment in this case.

9. Subsequent to this Court's final decision in the USA case, the Court directed the parties in this case to engage in settlement discussions and a settlement conference with Magistrate Judge David R. Grand in an attempt to resolve any remaining issues.

10. As part of the settlement negotiations, the City of Troy offered to forego other options and let Plaintiff use the subject property as a place of worship, as long as there were critical measures taken to insure the premises complied with applicable fire and building codes and was safe for use by members of public.

11. Members of the City's Building and Fire Departments worked diligently with Plaintiff to educate and assist Plaintiff in obtaining compliance with all Fire and Building Codes and on July 13, 2022, the City issued a full certificate of occupancy, allowing Plaintiff to use the property at 3635 Rochester Road as a place of worship.

12. Since Plaintiff is now using the subject property for a place of worship, its claims for declaratory and injunctive relief are moot and should be dismissed.

13. Since the appropriate relief allowed under RLUIPA does not include monetary damages, all of Plaintiff's claims seeking damages should be dismissed.

Defendants sought Plaintiff's concurrence in the relief sought in this motion as required by LR 7.1 on August 15, 2022, but that concurrence was not denied by Amy V. Doukoure, Attorney for Plaintiff Adam Community Center.

Dated: August 15, 2022

s/Allan T. Motzny
Lori Grigg Bluhm (P46908)
Allan T. Motzny (P37580)
500 W. Big Beaver Road
Troy, MI 48084
(248) 524-3320
motznyat@troymi.gov

## BRIEF IN SUPPORT OF MOTION

## STATEMENT OF ISSUES PRESENTED

**The issues presented in this motion are:**

1. Should Plaintiff's claims for declaratory and injunctive relief be dismissed based on mootness?

2. Should Plaintiff's damage claims be dismissed on the basis RLUIPA does not authorize relief in the form of money damages?

## STATEMENT OF MOST CONTROLLING/APPROPRIATE AUTHORITY

1. The most controlling or appropriate authority for Issue 1 is *Brandywine v City of Richmond,* 359 F3d 830 (CA 6, 2004).

2. The most controlling or appropriate authority for Issue 2 is *Haight v Thompson,* 763 F3d 554 (CA 6, 2014).

## **STATEMENT OF FACTS**

Plaintiff Adam Community Center (Adam) filed an eleven-count complaint against the City of Troy, Troy City Council, City of Troy Planning Commission, City of Troy Zoning Board of Appeals (City Defendants) and several individual members of the Zoning Board of Appeals based on alleged violations of the Religious Land Use and Institutionalized Person Act (RLUIPA), 42 U.S.C. § 2000cc and based on alleged constitutional violations under 42 U.S.C. §1983. Adam's complaint requested declaratory and injunctive relief and money damages. Approximately ten months later, the United States filed a two-count complaint against the City of Troy, Case No. 19-cv-12736, alleging violations of RLUIPA. (USA case). These cases both stem from Adam's request to convert an existing building, located at 3635 Rochester Road, into a mosque, community center, library, gymnasium, and banquet hall. Under Troy's zoning ordinance, Chapter 39, Section 6.21, the existing building did not meet the setback and parking requirements for the intended uses, including a place of worship. Adam therefore applied to Troy's ZBA, requesting seven variances. Adam filed this lawsuit after the ZBA denied the variances.

The City Defendants and Adam filed cross motions for summary judgment. Both parties have also filed responses and replies related to the

6

motions for summary judgment. ECF No's. 66, 68, 70, 72, 73 and 74.  Cross motions for summary judgment were also filed in the USA case.  On March 18, 2022, this Court entered an order in the USA case, denying the City's motion for summary judgment and granting the USA's motion for summary judgment. ECF No. 55 in Case No. 19-cv-12736.  The order enjoins the City from enforcing the setback and parking requirements of Section 6.21 of its zoning ordinance.  This case is still pending, based on a subsequent motion for additional relief filed by Plaintiff USA. The Court has not entered an order related to the summary judgment motions filed in this case.

Subsequent to this Court's decision in the USA case, the Court directed the parties to engage in settlement discussion and a settlement conference with Magistrate Judge David R. Grand in an attempt to resolve any remaining issues.  Without disclosing the details of those discussions, the City asserts that it has willingly worked with Adam and helped it to correct several building and fire code violations, which required extensive building and electrical work, some of which was conducted without a permit. The City has now issued a full certificate of occupancy that allows Adam to use the property as a place of worship.  A copy of the certificate of occupancy is attached as Exhibit A.

## **ARGUMENT**

7

### I.   PLAINTIFF'S CLAIMS FOR DECLARATORY AND INJUNCTIVE RELIEF SHOULD BE DISMISSED BASED ON MOOTNESS.

As a result of this Court's decision in the USA case, enjoining the enforcement of Section 6.21 (E) – (F) of the City of Troy Zoning Ordinance, the specific provisions challenged by Plaintiff are no longer in effect. Since a court can neither declare unconstitutional nor enjoin the enforcement of a provision no longer in effect, the Plaintiff's claims in this case are moot. *Brandywine v City of Richmond,* 359 F3d 830, 836 (CA 6, 2004). Also, since Adam is now using the subject property as a place of worship as allowed by the certificate of occupancy, the injunctive relief requested in this case would serve no purpose, as there is no longer a live issue for this Court to decide. Claims become moot when there is no longer a live issue. *Id,* citing *County of Los Angeles v Davis,* 440 US 625, 631; 99 S Ct 1379; 59 L Ed 2d 642 (1978).

In *Outdoor Media Group, Inc. v City of Beaumont,* 506 F3d 895 (CA 9, 2007), the plaintiff challenged the validity of an ordinance that allowed billboards subject to regulations. During the pendency of the action, the City repealed the challenged ordinance and replaced it with a new ordinance specifically banning all new billboards. *Id.,* 899. The Court determined the plaintiff's claims for injunctive and declaratory relief were moot because plaintiff was no longer subject to the old ordinance and there

8

existed no live issue upon which the could issue prospective relief. *Id.,* 901-902. Likewise, in this case, the ordinance provision challenged by Plaintiff is no longer in effect as a result of this Court's ruling in the USA case. In *Berryman v Granholm,* 346 Fed Appx 1 (CA 6, 2009), a case involving a claim under the institutionalized person provisions of RLUIPA, 42 U.S.C. § 2000cc-1, the plaintiff was seeking declaratory and injunctive relief based on his removal from the Kosher Meal Program at the St. Louis Correctional facility in Michigan. However, since the plaintiff was transferred to another facility, both the District Court and the Sixth Circuit Court of Appeals ruled the claims for declaratory and injunctive relief were rendered moot. *Id.* p 5. Although neither Court went into detail as to why the claims were rendered moot, it is evident the Court could not grant injunctive relief to allow the plaintiff to participate in a program at the St. Louis prison when the plaintiff was no longer an inmate at that prison. Similarly, Plaintiff's request for injunctive relief to require the City of Troy to allow it to operate a place of worship at the subject property has been rendered moot because Plaintiff is now using the building on the property as a place of worship. Thus, since there is no longer any live issue as to whether Adam can use 3635 Rochester Road as a place of worship, Plaintiff's request for declaratory and injunctive relief should be dismissed

as moot. As shown by an email submitted by the United States Attorney's Office related to a motion filed in that case, the United States has also acknowledged any request for injunctive relief to allow Adam to use the subject property as a place of worship has been rendered moot.  See Exhibit B.

Plaintiff may contend the request for injunctive relief is not moot since the City could appeal the decision granting injunctive relief in USA case and possibly have the injunction set aside.  Although the City could still file a timely appeal since the appeal period has been extended as a result of a Motion for Additional Relief Under Federal Rule of Civil Procedure 59(e), filed by the United States, FR App P 4(a)(1)(B)(i) and 4(a)(4)(A)(iv), the City cannot preclude Adam from using the subject property as a place of worship even if the injunction in the USA case is set aside.  This is true because Adam's use of the subject property would be deemed a valid non-conforming use under the Michigan Zoning Enabling Act, MCL 125.3102 *et seq.*  Pursuant to MCL 125.3208, if the use of a building or land is lawful at the time of enactment of a zoning ordinance or an amendment to a zoning ordinance, that use may continue as a nonconforming use even if it does not comply with the zoning ordinance.  In this case, Adam's current use of the subject property as a place of worship is lawful and was lawful at the

time of the enactment of the zoning ordinance based on the Court's decision in the USA case that Section 6.21 violated RLUIPA. Thus, even if the injunction in the USA case is set aside on appeal, the fact that Adam has now lawfully established a place of worship on the subject property precludes the City from taking any action to preclude such use in the future.

## II. PLAINTIFF'S CLAIMS FOR DAMAGES SHOULD BE DISMISSED BECAUSE RLUIPA DOES NOT AUTHORIZE MONETARY DAMAGES

If the Court determines Plaintiff's claims for declaratory and injunctive relief are moot, Plaintiff may argue its case should not be dismissed because of its request for money damages. However, RLUIPA does not allow for money damages. 42 U.S.C. § 2000cc-2a provides:

*A person may assert a violation of this chapter as a claim or defense in a judicial proceeding and obtain appropriate relief against a government. Standing to assert a claim or defense under this section shall be governed by the general rules of standing under article III of the constitution.*

In *Sossamon v Texas,* 563 US 277, 288; 131 S Ct 1651; 179 L Ed 2d 700 (2011), the United States Supreme Court held "*appropriate relief*" under RLUIPA does not include suits for damages against a State. Although *Sossamon* involved a case brought under the institutionalized person provisions of RLUIPA, the ruling is applicable to a RLUIPA land use case since Section 2000cc-2a is applicable to both types of cases. In

11

discussing *Sossamon,* the Sixth Circuit in *Haight v Thompson,* 763 F 3d 554, 568 (2014) noted:

> *In denying the request for money damages, the Court made two essential points. The first was that Congress must speak with clarity – "clearly," "expressly," "unequivocally," … before it imposes money-damages remedies against the States under its spending powers, … The second was that the phrase "appropriate relief"' does not clearly create a money-damages action because the language plausibly covers injunctive, declaratory, and other non-monetary relief. In the Courts words, "appropriate relief" is "open-ended and ambiguous about what types of relief it includes." … "Far from clearly identifying money damages," the Court concluded, "the word 'appropriate' is inherently context-dependent" and thus does not apply to money-damages claims.* (citations omitted).

Since the *"Sixth Circuit has determined 'appropriate relief' does not clearly create a money-damages action …, a money-damages action cannot be sustained against counties or municipalities." Eidam v County of Berrien,* 2019 WL 7343354, U.S. District Court (WD Mich, 2019), Case No. 1:19-cv-978, citing *Haight* at 568 and *Sossamon* at 86-87. Accordingly, the money damage claims against the City of Troy should be dismissed.

Plaintiff may argue that it can pursue damages based on its Section 1983 claims. However, as set forth in the City's initial brief in support of its motion for summary judgment, ECF No. 68, Plaintiff has not articulated specific facts supporting its Section 1983 claims independent of its RLUIPA claims. Thus, to the extent Plaintiff's Section 1983 claims are based on

12

RLUIPA, Plaintiff cannot use Section 1983 to get damages RLUIPA does not provide.  *Cavin v Michigan Department of Corrections,* 927 F 3d 455, 460 (CA 6, 2019), *Eidam,* at 9. Since RLUIPA "provides an 'express' cause of action under the statute, it ordinarily indicates that plaintiffs cannot access 'a more expansive remedy under §1983." Id.  *"Put another way, the reality that RLUIPA doesn't allow for damages indicates that Congress didn't intend § 1983 to provide a backdoor to achieving a different result."* Id.  Thus, all of Plaintiff's claims for monetary relief should be dismissed.

Wherefore, the City Defendants request that this Court allow and consider this supplemental argument to their motion for summary judgment and dismiss all of the remaining claims set forth in Plaintiff's complaint.

Dated:  August 15, 2022             s/Allan T. Motzny_____
                                    Lori Grigg Bluhm (P46908)
                                    Allan T. Motzny (P37580)
                                    500 W. Big Beaver Road
                                    Troy, MI 48084
                                    (248) 524-3320
                                    motznyat@troymi.gov

## Certificate of Service

I hereby certify that on August 15, 2022, I electronically filed **DEFENDANTS MOTION TO SUPPLEMENT THEIR MOTION FOR SUMMARY JUDGMENT TO ASSERT AN ADDITIONAL ARGUMENT BASED ON MOOTNESS and BRIEF IN SUPPORT OF MOTION** with the Clerk of the Court using the ECF system which will send notification of such filing to all parties of record using the ECF system.

Dated: August 15, 2022

s/Allan T. Motzny Dated:
Lori Grigg Bluhm (P46908)
Allan T. Motzny (P37580)
Attorneys for Defendants
500 W. Big Beaver Road
Troy, MI 48084
(248) 524-3320
motznyat@troymi.gov