UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ADAM COMMUNITY CENTER,
a domestic nonprofit corporation, a/k/a           Civil Action No. 18-13481
ADAM COMMUNITY (ACC), a
domestic nonprofit corporation,                   Hon. Nancy G. Edmunds

    Plaintiff,
v.

CITY OF TROY, *et al*,
    Defendants.
_____/

## DEFENDANTS MOTION FOR LEAVE TO FILE SUPPLEMENTAL MOTION FOR SUMMARY JUDGMENT; BRIEF IN SUPPORT OF MOTION

Defendants City of Troy, Troy City Council, Troy Planning Commission, and Troy Zoning Board of Appeals (Defendants) move pursuant to Federal Rules of Civil Procedure 6(b) and 16(b)(4) and Local Rule 7.1(b)(2) of the Local Rules for the United States District Court for the Eastern District of Michigan to modify this Court's scheduling order and for leave to file a supplemental motion for summary judgment based on mootness for the following reasons:

1. Plaintiff filed a complaint against the above-named Defendants and individual members of the City of Troy Zoning Board of Appeals (ZBA), alleging violations of the Religious Land Use and Institutionalized Persons

1

Act (RLUIPA) U.S.C. Section 2000 cc, and also seeking relief under 42 U.S.C. §1983 based on alleged violations of the United States Constitution.

2. This case was consolidated for discovery purposes with a case filed by the United States of America, Case No. 19-cv-12736, (USA case) because the two cases involved the same facts and issues and are based on allegations that the City's zoning ordinance violated RLUIPA.

3. Both cases alleged Sections 6.21 (E) – (F) of the City of Troy Zoning Ordinance, which prohibited Plaintiff from using property at 3635 Rochester Road as a place of worship because of setback and parking restrictions, violated RLUIPA.

4. Both cases sought injunctive relief to allow Plaintiff to use the property as place of worship.

5. This Court's scheduling order was extended by a stipulated order to allow dispositive motions in both this case and the USA case to be filed by December 23, 2020.  ECF No. 41 in USA case.

6. The individual Defendants have all been dismissed from the lawsuit. ECF No. 54.

7. The remaining parties in this case filed cross motions for summary judgment, to which both parties have filed responses and replies.  ECF No's. 66, 68, 70, 72, 73 and 74.

8. Cross motions for summary judgment were also filed in the USA case resulting in a final decision that enjoined the City of Troy, its officers, employees, agents, successors from enforcing Sections 6.21 (E) – (F) of its Zoning Ordinance. ECF No. 55 in USA case.

9. This Court has not entered a ruling on the cross motions for summary judgment in this case.

10. Subsequent to this Court's final decision in the USA case, the Court directed the parties in this case to engage in settlement discussions and a settlement conference with Magistrate Judge David R. Grand in an attempt to resolve any remaining issues.

11. As part of the settlement negotiations, the City of Troy offered to forego other options and let Plaintiff use the subject property as a place of worship, as long as there were critical measures taken to insure the premises complied with applicable fire and building codes and was safe for use by members of public.

12. Members of the City's Building and Fire Departments worked diligently with Plaintiff to educate and assist Plaintiff in obtaining compliance with all Fire and Building Codes and on July 13, 2022, the City issued a full certificate of occupancy, allowing Plaintiff to use the property at 3635 Rochester Road as a place of worship.

13. The change of circumstances that have occurred since the date of the previous motion for summary judgment has rendered Plaintiff's claims in this case moot because Plaintiff is now using the subject property for a place of worship and its claims for declaratory and injunctive relief should be dismissed.

14. The change of circumstances constitutes good cause for allowing a supplemental motion for summary judgment based on mootness.

15, A copy of Defendants proposed supplemental motion for summary judgment and brief in support of the motion is attached as Exhibit 1. Defendants sought Plaintiff's concurrence in the relief sought in this motion as required by LR 7.1 on August 15, 2022, but that concurrence was denied by Amy V. Doukoure, Attorney for Plaintiff Adam Community Center.

Dated: August 16, 2022

s/Allan T. Motzny
Lori Grigg Bluhm (P46908)
Allan T. Motzny (P37580)
500 W. Big Beaver Road
Troy, MI 48084
(248) 524-3320
motznyat@troymi.gov

## BRIEF IN SUPPORT OF MOTION

## STATEMENT OF ISSUES PRESENTED

The issue presented in this motion is whether Defendants should be allowed to file a supplemental motion for summary judgment when a change in circumstances has rendered Plaintiff's claims moot?

## STATEMENT OF MOST CONTROLLING/APPROPRIATE AUTHORITY

The most controlling or appropriate authorities for this issue are Federal Rules of Civil Procedure 6(b) and 16(b)(4) and Local Rule 7.1(b)(2) of the Local Rules for the United States District Court for the Eastern District of Michigan.

## **STATEMENT OF FACTS**

Plaintiff Adam Community Center (Adam) filed an eleven-count complaint against the City of Troy, Troy City Council, City of Troy Planning Commission, City of Troy Zoning Board of Appeals (City Defendants) and several individual members of the Zoning Board of Appeals based on alleged violations of the Religious Land Use and Institutionalized Person Act (RLUIPA), 42 U.S.C. § 2000cc and based on alleged constitutional violations under 42 U.S.C. §1983. Adam's complaint requested declaratory and injunctive relief and money damages. Approximately ten months later, the United States filed a two-count complaint against the City of Troy, Case No. 19-cv-12736, alleging violations of RLUIPA. (USA case). These cases both stem from Adam's request to convert an existing building, located at 3635 Rochester Road, into a mosque, community center, library, gymnasium, and banquet hall. The two cases were consolidated for purposes of discovery. This Court's scheduling order was extended by a stipulated order to allow dispositive motions in both this case and the USA case to be filed by December 23, 2020.  ECF No. 41 in USA case.

Under Troy's zoning ordinance, Chapter 39, Section 6.21, the existing building did not meet the setback and parking requirements for the intended uses, including a place of worship. Adam therefore applied to Troy's ZBA,

requesting seven variances.  Adam filed this lawsuit after the ZBA denied the variances.

The City Defendants and Adam filed cross motions for summary judgment.  Both parties have also filed responses and replies related to the motions for summary judgment. ECF No's. 66, 68, 70, 72, 73 and 74.  Cross motions for summary judgment were also filed in the USA case.  On March 18, 2022, this Court entered an order in the USA case, denying the City's motion for summary judgment and granting the USA's motion for summary judgment. ECF No. 55 in Case No. 19-cv-12736.  The order enjoins the City from enforcing the setback and parking requirements of Section 6.21 of its zoning ordinance.  The USA case is still pending, based on a subsequent motion for additional relief filed by the plaintiff in that case – the United States of America. The Court has not entered an order related to the summary judgment motions filed in this case.

Subsequent to this Court's decision in the USA case, the Court directed the parties to engage in settlement discussion and a settlement conference with Magistrate Judge David R. Grand in an attempt to resolve any remaining issues.  Without disclosing the details of those discussions, the City asserts that it has willingly worked with Adam and helped it to correct several building and fire code violations, which required extensive

7

building and electrical work, some of which was conducted without a permit. The City has now issued a full certificate of occupancy that allows Adam to use the property as a place of worship.

## ARGUMENT

### I. DEFENDANTS SHOULD BE ALLOWED TO FILE A SUPPLEMENTAL MOTION FOR SUMMARY JUDGMENT BASED ON CHANGED CIRCUMSTANCES

As a result of this Court's decision in the USA case, enjoining the enforcement of Section 6.21 (E) – (F) of the City of Troy Zoning Ordinance, and based on the fact Adam is now using the subject property as a place of worship as allowed by the certificate of occupancy, Plaintiff's claims in this case have been rendered moot for reasons set forth in Defendants proposed Supplemental Motion for Summary Judgment (Exhibit 1). Thus, based on this change in circumstances, Defendants request that they be allowed to file a supplemental motion for summary judgment to dismiss the case since there is no longer a live issue for this Court to decide.

Pursuant to Local Rule 7.1(b)(2), a party may seek leave to file more than one motion for summary judgment. Additionally, Federal Rule of Civil Procedure 16(b)(4) allow the scheduling order to be modified with the Court's consent for good cause. Federal Rule of Civil Procedure 6(b)(1)(B) authorizes this Court for good cause and excusable neglect to extend the

8

time period for when an act, such as a dispositive motion, must be filed. In this case, there is good cause for extending the deadline for filing a dispositive motion and excusable neglect for not filing such motion within the previous established deadline because at that time the circumstances which give rise to mootness argument did not exist. Obviously, there was no way Defendants knew or could have known prior to the previous dispositive motion deadline that a change of circumstances would occur that would render Plaintiff's claims moot.

Therefore, Defendants request that this Court grant this motion for leave to file supplemental motion for summary judgment.

Dated: August 16, 2022

s/Allan T. Motzny
Lori Grigg Bluhm (P46908)
Allan T. Motzny (P37580)
500 W. Big Beaver Road
Troy, MI 48084
(248) 524-3320
motznyat@troymi.gov

## Certificate of Service

I hereby certify that on August 16, 2022, I electronically filed **DEFENDANTS MOTION FOR LEAVE TO FILE SUPPLEMENTAL MOTION FOR SUMMARY JUDGMENT AND BRIEF IS SUPPORT** with the Clerk of the Court using the ECF system which will send notification of such filing to all parties of record using the ECF system.

Dated: August 16, 2022

s/Allan T. Motzny Dated:
Lori Grigg Bluhm (P46908)
Allan T. Motzny (P37580)
Attorneys for Defendants
500 W. Big Beaver Road
Troy, MI 48084
(248) 524-3320
motznyat@troymi.gov