**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISON**

**ADAM COMMUNITY CENTER,** a
domestic nonprofit corporation, a/k/a
**ADAM COMMUNITY (ACC),** a
Domestic nonprofit corporation**,**

      Plaintiff,                  **Case No: 18-13481**
                                  **Hon. Nancy G. Edmunds**

v.

**CITY OF TROY,** A Michigan municipal
Corporation, **TROY CITY COUNCIL, CITY
OF TROY PLANNING COMMISSION,
CITY OF TROY ZONING BOARD OF
APPEALS,** and **DANIEL AGAUAS, GLEN
CLARK, THOMAS DESMOND, DAVID
EISENBACHER, ORESTIS KALTSOUNIS,
PADMA KUPA, JAMES
 MCCAULEY,** in their official Capacities as
Members of the **TROY ZONING
BOARD OF APPEALS,**

      Defendants.

| | |
|---|---|
| **CAIR-MI LEGAL FUND** | Lori Grigg Bluhm (P46908) |
| By: Amy V. Doukoure (P80461) | Allan T. Motzny (P37580) |
| *Attorney for Plaintiff* | *Attorneys for Defendants* |
| 1905 S. Haggerty Road, Suite 5 | 500 W. Big Beaver road |
| Canton, MI 48188 | Troy, MI 48084 |
| (248) 559-2247 Phone | (248) 524-3220 |
| adoukoure@cair.com | Bluhmlg@troymi.gov |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO
SUPPLEMENT THEIR MOTION FOR SUMMARY JUDGEMENT TO
ASSERT AN ADDITIONAL ARGUMENT BASED ON MOOTNESS**

**NOW COMES,** Plaintiff's by and through their counsel, CAIR-MI Legal Fund, by Amy V. Doukoure and in opposition of Defendant's Motion to Supplement Their Motion for Summary Judgement avers as follows:

1. The Plaintiff filed its initial Complaint for relief against Defendants on November 8, 2018 after nearly a decades long battle with the city of Troy to establish a single place of worship for Muslims within the city of Troy.

2. Plaintiff's Complaint alleges violations of the Religious Land Use and Institutionalized Persons Act (RLUIPA) U.S.C. §2000 cc et. seq., and the U.S. Constitution under 42 U.S.C. §1983 against the city of Troy as it pertains to their zoning ordinance as well as their application of the zoning ordinance as it pertains to Adam Community Center. Each and every count of Plaintiff's complaint contained a prayer for relief that included declaratory, injunctive relief as well as compensatory and punitive damages.

3. In 2019, The United States of America filed a complaint in this Court against the city of Troy  (Case No: 19-cv-12736) that contains some, but not all, of the same allegations of violations of RLUIPA as it pertains to the content and application of Defendants' Zoning Ordinance, an contains no allegations or prayers for relief as it relates to any proposed violation of the U.S. Constitution by Defendant. Both cases were consolidated for the purposes of discovery.

4. The Parties in this case, and in the case brought by the Department of Justice, all filed Motions for Summary Judgement in December 2020. Defendants' initial Motion was stricken as a violation of the court rules as it pertains to page length due to being nearly three times the length allowable under Court Rule. As such, Defendants were afforded an additional period of time to file a conforming motion.

5. As of the date of responding to Defendant's Motion to Supplement, the Court has not issued an Order and Opinion as it pertains to the Motions for Summary Judgement filed in this Case. However, the Court has issued an Order in the U.S.A. companion case.

6. The Parties engaged in several protracted settlement conferences in front of U.S. Magistrate Judge David R. Grand in an attempt to resolve any issues. However, during that time, Defendants' took unusual steps to attempt to continue to interfere with the Adam's ability to obtain a certificate of occupancy despite the Court's ruling in the U.S.A. case that the zoning provision keeping them out of the building was inoperable.

7. Defendant's argument in Paragraph 10 that they have "offered to forego other options and let Plaintiff use the subject property as a place of worship, as long as there were critical measures taken to insure the premises complied with applicable fire and building codes was safe for use of members

3

of the public" is disingenuous at best and is intended to mislead the courts of the events that actually led up to Plaintiff obtaining use of the property including (a) Defendant refusing to review documents submitted properly and by a licensed professional engineer as part of the application process for the Certificate of Occupancy (b) Defendant refusing to communicate with the property owners and the license professional engineer in an attempt to resolve issues related to applying for and obtaining a certificate of occupancy causing an unnecessary several month delay in Plaintiffs ability to utilize the property (c)  Defendants' refusal to acknowledge or communicate with Plaintiff  and  Plaintiff's  counsel  related  to  their  own  intentional misunderstanding of Dr. Amin's credentials as a licensed professional engineer despite the fact that Dr. Amin has been engaging in activity with the city of Troy building department in an official capacity related to other buildings in the city since at least 2013.

8.  Likewise, Defendant's statements in Paragraph 12 of its own Motion to Compel related to the building department and fire department's diligent efforts  to  educate  Plaintiff  in  obtaining  compliance  is  a  complete misrepresentation of what took place during the several month attempt to obtain  a  certificate  of  occupancy,  and  indeed  Defendant's  building department spent hours combing through laws and ordinances **prior** to even

providing Plaintiff with an initial inspection in the building in an attempt to find pretextual reasons to keep Adam from obtaining a certificate of occupancy.

9. Additionally, Defendants have been extremely outspoken during settlement talks, on social media and in the media about their intentions to appeal the Court's decision in the U.S.A. case. A finding of mootness in this instant case would necessarily mean that Defendants are free to appeal in the companion case, and Plaintiffs would be without any relief or means to protect their legal interest as it pertains to their case in chief as such this matter cannot be deemed moot as a result of Defendant's voluntary actions.

10.     As such, Plaintiffs are entitled to an affirmative decision on the merits of their case as they maintain a legally cognizable interest in the outcome of the case as well as the relief sought.

11.     Defendant's Motion to supplement also negates the express language of RLUIPA that a prevailing party is entitled to the costs and attorney's fees associated with bringing the litigation. Defendants attempt to moot out the matter after nearly four (4) years of litigation and only after they lost their case in chief after being sued by the Department of Justice is an attempt to circumvent their financial liability to Plaintiffs in this matter. This is especially true given the fact that Defendant has indicated at every step of

the way that they are likely going to appeal the Court's decision in the companion case.

12.      Given the fact that motions for summary judgement were filed initially in December of 2020, approximately 20 months prior to Defendant's motion to supplement their motion. The delay in requesting time to supplement is wholly the fault and responsibility of Defendant in this matter, especially as it relates to any issues involving monetary damages, the arguments of which would have and should have been known to Defendant at the time for filing their initial motion.

13.      Plaintiffs in this case are not seeking a temporary injunction, but rather a permanent injunction against Defendant's use of the unconstitutional zoning ordinance provision for which voluntary cessation of an illegal conduct does not automatically moot a claim. This is especially true, since the current version of the Zoning Ordinance available on Defendant City of Troy's website contains the unconstitutional provision.

14.      Additionally, Defendants in their attempt to moot out the entirety of the Plaintiff's Complaint and argue that damages are not recoverable, have failed to acknowledge the fact that indeed, damages may be available to Plaintiff not only under RLUIPA, but also under any of the other constitutional violations brought under 42 U.S.C §1983, and further that

6

Plaintiff has sought compensatory and punitive damages under every single theory of law under which they brought a claim of relief.

15.     As such, Defendant's claims in Paragraph 13 of its motion stating that "all of Plaintiff's claims seeking damages should be dismissed," based on a single argument as to whether or not there may be monetary damages available under RLUIPA is a gross misreading of the law as Plaintiff's substantive constitutional claims are independent and distinct from the RLUIPA claims.

16.     Any argument as to the possibility of damages under RLUIPA was an argument that was surely known to Defendants at the time of filing their initial Motion. However, Defendants failed to do so, and are thus attempting to file amend their motion at this time as a second impermissible bite at the apple without good cause.

17.     It is also true that any supplement briefing on the issue of mootness under RLUIPA will not tend to narrow the issues that remain outstanding for the purposes of the current outstanding motions, nor as it pertains to trial in this matter. This is especially true since Defendant's supplemental motion does not even touch on resolution of Plaintiff's outstanding constitutional claims and any and all damages that may be available should Defendants be found liable. As such, allowing Defendants

the ability to file a supplemental motion is against the great of judicial economy and will tend to only delay this already nearly four yearlong litigation.

WHEREFORE, Plaintiff respectfully prays this honorable Court:

A. Deny Defendants' motion in its entirety;

B. Award any relief that this Court deems just and equitable.

Dated: August 26, 2022                          Respectfully Submitted,

                                                CAIR-MI LEGAL FUND

                                                /s/ Amy V. Doukoure
                                                Amy V. Doukoure (P80461)
                                                Attorney for Plaintiff

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISON

**ADAM COMMUNITY CENTER,** a
domestic nonprofit corporation, a/k/a
**ADAM COMMUNITY (ACC),** a
Domestic nonprofit corporation**,**

      Plaintiff,                **Case No: 18-13481**
                                 **Hon. Nancy G. Edmunds**

v.

**CITY OF TROY,** A Michigan municipal
Corporation, **TROY CITY COUNCIL, CITY
OF TROY PLANNING COMMISSION,
CITY OF TROY ZONING BOARD OF
APPEALS,** and **DANIEL AGAUAS, GLEN
CLARK, THOMAS DESMOND, DAVID
EISENBACHER, ORESTIS KALTSOUNIS,
PADMA KUPA, JAMES
 MCCAULEY,** in their official Capacities as
Members of the **TROY ZONING
BOARD OF APPEALS,**

      Defendants.

| CAIR-MI LEGAL FUND | Lori Grigg Bluhm (P46908) |
|---|---|
| By: Amy V. Doukoure (P80461) | Allan T. Motzny (P37580) |
| *Attorney for Plaintiff* | *Attorneys for Defendants* |
| 1905 S. Haggerty Road, Suite 5 | 500 W. Big Beaver road |
| Canton, MI 48188 | Troy, MI 48084 |
| (248) 559-2247 Phone | (248) 524-3220 |
| adoukoure@cair.com | Bluhmlg@troymi.gov |

## PLAINTIFF'S BRIEF IN RESPONSE TO DEFENDANT'S MOTION TO SUPPLEMENT THEIR MOTION FOR SUMMARY JUDGEMENT TO ASSERT AN ADDITIONAL ARGUMENT BASED ON MOOTNESS

## STATEMENT OF ISSUES PRESENTED

1. Should Defendants be allowed to file a supplemental motion for summary judgement when Defendants had knowledge of the legal arguments related to damages under RLUIPA at the time they filed their initial motion and intentionally failed to present that argument?

Plaintiff: No

Defendants: Yes

2. Should Defendants be allowed to file a supplemental motion for summary judgement when the basis for doing so ignores the legal claims outstanding related to matters other than RLUIPA and therefore there are "live" issues for this Court to decide and there is no judicial economy to be found in the filing of a supplemental motion?

Plaintiff: No

Defendant: Yes

3. Should Defendants be allowed to file a supplemental motion for summary judgement when there has been no real change in circumstances that warrant such a filing, due to the Defendants' conduct after it was found at fault in the U.S.A.'s companion case?

Plaintiff: No

Defendant: Yes

## STATEMENT OF MOST CONTROLLING AUTHORITY

**CASE LAW:**

*Nafziger v. McDermott Intern., Inc.*, 467 F.3d 514 (6th Cir. 2006)

**FEDERAL COURT RULES:**

Fed. R. Civ. Pro. 6(b)(1)(b)
L. R. 7.1(b)(2)

## STATEMENT OF FACTS

Plaintiff filed its initial Complaint seeking relief against Troy as it related to both the discriminatory nature of the text of Defendants' zoning ordinance as well as the application of that zoning ordinance against Plaintiff. At the time of filing the instant complaint, Plaintiffs had been engaging in a near decade long dispute with Troy over the ability to build place of worship for Muslims within the city of Troy, and had been denied a variance at the Troy zoning board of appeals hearing that would have allowed them to utilize a commercial building as a religious place of worship. In its Complaint, Adam Community Center ("Adam") alleged violations of the Religious Land Use and Institutionalized Persons Act, the United States Constitution (through 42 U.S.C. §1983), as well as violations of the Michigan State Constitution and seeking injunctive and declaratory relief as well as compensatory and punitive damages for each legal claim. At the time of this instant filing, all original legal claims against the Defendants remain outstanding except for the Michigan State Constitutional Claim which the court dismissed early on in the case.

Nearly a year after Adam filed its complaint against the city of Troy, the United States of America filed an action against the city of Troy (Case No: 19-cv-12736). In its case, the United States ("U.S.A") brought claims against

the Defendant city of Troy based on violations of RLUIPA only. The U.S.A. case did not bring any claims associated with constitutional violations. This instant case and the U.S.A. case were consolidated for discovery and timing purposes, but each case was seeking its own individual and unique relief. The U.S.A. case was decided in favor of the U.S.A. and against Troy in March 2022 with the Court determining that indeed the violations of the zoning ordinance at issue in both cases were a violation of federal law. Based on the conduct of the Defendants since the issuance of that Order, the U.S.A. has sought additional relief from the court.

At the time of filing the motion Adam has obtained a certificate of occupancy from the Defendant for the purpose of using the subject property as a religious place of assembly for Muslims. However, the path to obtain the certificate subsequent to the Court's ruling has been fraught with difficulties created exclusively at the hand of Defendants. Defendants initially refused to speak with Dr. Nurul Amin who is the President of the Board of Adam and a licensed professional engineer who has been working with the Defendant Building Department on other maters since at least 2009 and on matters unrelated to Adam since at least 2013. Furthermore, Defendants refused to review documents that they requested as part of the application process to obtain a certificate of occupancy that were submitted by Dr. Amin

and bore his official engineering stamp as evidence of his qualifications to submit the same. Defendants further refused to acknowledge (1) that they had indeed inspected much of the property and provided their official stickers, stamps and documents evidencing compliance with the building codes, (2) the work they complain was done without a permit was done by prior owners and not by Plaintiffs in this case and appears on documents submitted to the city prior to the initiation of this matter.

In addition to stone walling and delaying Adam's ability to have a fair shot at obtaining a certificate of occupancy, the Defendants took to social[1] media and print and news media to indicate their intent to appeal the decision of the court in the U.S.A. case. At no time since, and not in their instant motion to file a supplemental motion, has the city of Troy indicated that they are going to forego their right to an appeal in that case.

It is also important to note that at the time of filing their instant motion to supplement and stating that there has been a change in circumstances, Defendants have not yet amended their zoning ordinance to remove the offending provisions.

## LAW

---

[1] See Exhibit A.

Local Court Rule 7.1(b)(2) for the Eastern District of Michigan states that "A party must obtain leave of the court to file more than one motion for summary judgement. For example, a challenge to several counts of a complaint generally must be in a single motion. While L.R. 7.1(d)(1)(a) states that "Unless a Court permits otherwise, each motion and response to a motion must be accompanied by a single brief."

Fed. R. Civ. P. 6(b)(1)(B) allows the Court, for good cause, to extend the time for completing an act, on a party's motion, after the time has expired, if the party failed to act because of excusable neglect. In determining whether excusable neglect exists, courts consider four factors: "(1) the danger of prejudice to the nonmoving party, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, (4) whether the delay was within the reasonable control of the moving party, and (5) whether the late-filing party acted in good faith." *Nafziger v. McDermott Intern., Inc.*, 467 F.3d 514, 522 (6th Cir. 2006).

## ANALYSIS

**I.   DEFENDANT'S FAILURE TO PROVIDE ARGUMENT AS TO THE AVAILABILITY OF DAMAGES UNDER RLUIPA IS INTENTIONAL AND NOT EXUSABLE NEGLECT**

At the time that they filed their initial motion for summary judgement in December of 2020 there is no rational basis for why they did not have actual

- 4 -

knowledge of the legal arguments available to them related to the issue of damages under RLUIPA. Their intentional decision to exclude those arguments in their initial motion certainly were not outside of their control and do not amount to excusable neglect.

As such, any argument as to damages can and should be made upon a finding on the merits at the summary disposition stage, or at trial should the opinion and order of the Court not dispense of the entirety of the Plaintiff's Compliant. Furthermore, the issue of damages under RLUIPA as it pertains specifically to municipalities and zoning issues is an unsettled area of law in the sixth circuit, so Defendant's reliance on closure of the case based on the inability to obtain damages is premature and without merit.

It is important to note, that Plaintiffs did not file for summary judgment on the issues of its Constitutional Claims, and the Court has not made any determination of those legal arguments either in the case in chief nor the U.S.A's case. As such, Defendant's argument that a ruling in the U.S.A. case as to legal arguments involving RLUIPA render the Court without a "live" issue to decide is completely invalid. Outside of the issue of RLIUPA, there are other legal counts and the issue of damages that will necessarily have to be disposed of should the Plaintiffs prevail either at the summary judgement

phase or at trial. As such, judicial economy lies in making a determination of damages at the conclusion of this matter.

Furthermore, making the arguments now, prior to a decision coming out will not tend to narrow down any of the current issues before the court given the fact that Plaintiff's complaint requests compensatory and punitive damages under several legal theories including and outside of RLUIPA

Since Defendant's intentional act of refusing to make arguments related to damages in their initial motion do not amount to good cause, and because there is no judicial economy to be found in a supplemental motion on the issue of damages under RLUIPA, Defendant's motion should be dismissed.

## II. DEFENDANTS ARGUMENTS THAT THERE IS NO LIVE ISSUE FOR THE COURT TO DECIDE GIVEN ITS DECISION IN THE USA'S COMPANION CASE FAILS

Throughout their motion, Defendants continuously argue, without expressly stating so, that they should be able to file a supplemental motion due to the theory of judicial economy. That argument relies on the fact that the U.S.A.'s companion case sought, and Adam obtained the only relief available to it, and under only one theory of law, RLUIPA. However, as stated above, that is simply not the case.

The U.S.A.'s case did not mirror Adam's case, not in the same legal theories and not in the same request for relief. In addition to its RLUIPA claims, Adam currently has "live" claims for violation of 42 U.S.C §1983 which encompass different elements of legal harm, its own private right of action, and the ability to obtain an award of damages.

As such, even though Adam believes that given the conduct throughout this litigation and since the Court's Order in the companion case that warrants a supplemental motion on the RLIUPA claims, there is no additional relief that would be granted to Defendants should they be allowed to file and be successful in determining the RLUIPA claim to be moot.

It is clear that despite the Defendant's deepest hopes, that the entirety of Plaintiff's case is in no way rendered moot by the decision in the companion case, nor by their issuance of a certificate of occupancy after four years of litigation. Civil rights violations brought under section 1983 allow for both compensator and punitive damages and are based on a past deprivation of rights. The ability to claim remedies under §1983 does not cease simply because the harm has ceased. The penalties associated with §1983 are intended to redress past and current harms associated with the violation of rights that occurred regardless of a party's cessation of violative

act. Simply stated a §1983 claim is not rendered moot simply because the violation of the rights has terminated.

Additionally, an award of costs and attorney's fees are permissible when a party is successful at prosecuting a RLUIPA claim as well as a §1983 claim. Defendant's attempts to do away with Plaintiff's case via the U.S.A.'s companion case is an attempt to negate their financial liability for their willful and wrongful conduct against Plaintiff.

Based on the circumstances as they stand at the time of responding to Defendant's motion, there is no judicial economy in allowing Defendant's to file a supplemental motion for summary judgement as it will provide them no additional relief and will not end the case in its entirety because the constitutional claims remain pending.

## III.   DEFENDANTS HAVE NOT ACTED IN GOOD FAITH NOR HAS THERE BEEN A CHANGE IN CIRCUMSTANCES THAT WARRANTS THE RELIEF REQUESTED

At the time of filing this reply, the City of Troy Zoning Ordinance still contains the provisions that violated RLUIPA. The Defendants have not voluntarily made any changes or amendments to the zoning ordinance, or in any way indicated within the text or on their website or in any other written form that they in any way have ceased enforcement of that provision.

Furthermore, as it pertains to the certificate of occupancy issued to Adam in the middle of July some four (4) months after this Courts decision in the companion case, Defendants actively engaged in attempts to thwart Plaintiff's ability to obtain the appropriate certificate that they are not heralding as the basis for the need to file a supplemental motion. Initially, when Adam attempted to apply and work with the Defendants to obtain the necessary clearances, the Defendant Building Department's officials, refused to meet with officials of Adams, including Dr. Nurul Amin who is a licensed professional engineer in the state of Michigan with over twenty-five (25) years of experience working with cities and states related to design, improvement and enforcement of municipal and state building codes.

Not only did Defendants refuse to engage with Plaintiff and their licensed professional, but they also requested documents they claimed were necessary to obtain and review to obtain a certificate of occupancy. Those same documents were submitted in person at the Defendant Building Department, in an email to Defendant Building Department Officials, and then again in an email to Counsel for Defendants. Those same documents bore the necessary trade stamps evidencing the qualifications of the individual who submitted them. However, Defendants actively refused to

review the documents they had requested causing a delay of several months.

Additionally, Defendants have indicated in the media and on several social media platforms through their Mayor, Ethan Baker, that they intend to appeal the Court's decision in the Department of Justice case. As such, Defendants' "voluntary cessation," cannot be a basis for the change in circumstances since it is clear that they have expressed an intent to return to the conduct that violated the rights of Adam in the first place.

Additionally, should this court allow Defendants to argue that Plaintiff's case is moot based on a decision in the companion case that Defendants have asserted their intent to appeal, it would necessarily thwart Adam's right to defend its own legally cognizable interest.

Any argument that the decision in the companion case, or the issuance of the certificate of occupancy to Plaintiff is good cause to allow Defendants to file a supplemental motion for summary judgment based on mootness necessarily fails given the circumstances as outlined above.

## CONCLUSION

Because Plaintiff's legal rights are still cognizable and still at stake, because there has not been sufficient change in the circumstances that gave rise to this instant litigation, because Defendants have not acted in good

- 10 -

faith, because this instant case involves more than a claim under RLUIPA, and because Defendants intentionally failed to bring arguments in their initial motion for summary judgement, Defendants are not entitled to the relief sought and their motion should be denied in its entirety.

**WHEREFORE**, Plaintiff respectfully prays this honorable Court:

A. Deny Defendants' motion in its entirety;

B. Award any relief that this Court deems just and equitable.

Dated: August 26, 2022                     Respectfully Submitted,

                                           CAIR-MI LEGAL FUND

                                           /s/ Amy V. Doukoure
                                           Amy V. Doukoure (P80461)
                                           Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on August 26, 2022, I electronically filed the foregoing paper with the Clerk of Court using the ECF filing system which will forward notification of such filing to the following: all counsel of record.

/s/ Amy V. Doukoure
Amy V. Doukoure (P80461)
CAIR-MI Legal Fund
Attorney for Plaintiff