**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

ADAM COMMUNITY CENTER,

    Plaintiff,

v.

CITY OF TROY, TROY CITY COUNCIL,
CITY OF TROY PLANNING
COMMISSION, CITY OF TROY ZONING
BOARD OF APPEALS, DANIEL AGAUAS,
GLEN CLARK, THOMAS DESMOND,
DAVID EISENBACHER, ORESTIS
KALTSOUNIS, PADMA KUPA, DAVE
LAMBERT, and JAMES MCCAULEY,

    Defendants.
_____/

Case No. 18-13481

Honorable Nancy G. Edmunds

**OPINION AND ORDER ON CROSS MOTIONS FOR
SUMMARY JUDGMENT [66] [68] AND MOTION FOR LEAVE TO FILE
SUPPLEMENTAL MOTION FOR SUMMARY JUDGMENT [81]**

Plaintiff Adam Community Center ("Adam") is a religious non-profit assembly that seeks to serve the Muslim community of Troy, Michigan. Adam alleges in an eleven-count Complaint that the City of Troy and related defendants violated its rights under the Religious Land Use and Institutionalized Persons Act of 2000, 42 U.S.C. §§ 2000cc-2000cc-5, ("RLUIPA"), as well as the First, Fifth, and Fourteenth Amendments to the United States Constitution by implementing and imposing a land use regulation that places a substantial burden on Adam's religious exercise and treats it differently from similar, secular institutions.

1

Before the Court are fully-briefed motions for summary judgment from both Adam and Troy.[1] (ECF Nos. 66, 68, 70, 72, 73, 74.) Adam seeks summary judgment on its Counts One (RLUIPA Substantial Burden) and Three (RLUIPA Equal Terms). (ECF No. 66, PageID.4965.) Troy asserts that Adam does not have standing, and asks the Court to grant summary judgment in its favor on each of Adam's claims (ECF No. 70, PageID.6589-90; ECF No. 68, PageID.6162-63.)

The Court, having reviewed the record in full, finds that a hearing is not necessary. *See* E.D. Mich. L.R. 7.1(f)(2). For the reasons stated below, Adam's Motion for Summary Judgment is GRANTED and Troy's Motion for Summary Judgment is DENIED.

I.  **Background**

   A.  **Companion Case**

Adam's Complaint details four alleged violations of RLUIPA and six alleged Constitutional violations in claims brought pursuant to 18 U.S.C. § 1983.[2] (*See* ECF No. 1.) A few months after this case was initiated, the Department of Justice ("DOJ") filed its own civil lawsuit against the City of Troy based upon the same facts alleged by Adam. *See United States v. City of Troy*, --- F. Supp. 3d----, No. 19-CV-12736, 2022 WL 831225 (E.D. Mich. Mar. 18, 2022) (hereinafter, the "Companion Case"). The DOJ's complaint

---

[1] Adam names as defendants the City of Troy, Troy City Council, City of Troy Planning Commission, City of Troy Zoning Board of Appeals, and individual members of the Troy Zoning Board of Appeals in their individual and official capacities. (*See* ECF No. 1.) The Court has previously dismissed the claims against the individual defendants in their official capacities (ECF No. 9) and unofficial capacities (ECF No. 54) leaving only the entity defendants as active parties to this lawsuit. Given that these defendants are related and represented by the same counsel, they will together be addressed as the "City of Troy," the "City," or "Troy."

[2] The Court has previously dismissed Adam's state law claims (Count Eleven) without prejudice. (ECF No. 4.)

contained only two claims against Troy regarding the City's alleged violations of the Equal Terms and Substantial Burden provisions of RLUIPA. *Companion Case*, E.D. MI Case No. 19-CV-12736, ECF No. 1 (Sept. 19, 2019).

This case and the Companion Case were combined for discovery purposes and at the conclusion of discovery, the parties in both lawsuits moved for summary judgment. This Court resolved the motions in the Companion Case first, granting the DOJ's motion for summary judgment and denying Troy's motion. 2022 WL 831225, at *15. In its opinion, the Court first addressed Troy's concerns regarding standing and held that Adam, and the DOJ, had standing to bring their claims. *Id.*, at *8. Regarding the merits of the DOJ's case, the Court found that the land use regulation in question here violates the equal terms provision of RLUIPA on its face. *Id.*, at *10. The Court further held that Troy placed a substantial burden on Adam's religious exercise without expressing a compelling governmental interest. *Id.* at *15.

In resolving the present motions, the Court adopts and relies upon its analyses and holdings in the Companion Case. *See* 2022 WL 831225. Thus, in the present case, Adam has standing, Adam's motion for summary judgment on Counts One (RLUIPA Substantial Burden) and Three (RLUIPA Equal Terms) is granted, and Troy's motion is denied as to Counts One and Three. Troy's argument for summary judgment on Count Two, and Counts Four through Ten is discussed below.

**B.     Factual Background**

Detailed knowledge of the relevant background is presumed, and explained fully in the Court's prior opinions, both in this case and the Companion Case. *See* ECF No. 54; *United States v. City of Troy*, 2022 WL 831225, at *1-6.

To summarize, Adam is a religious non-profit organization that caters to members of the Islamic faith by holding religious services and nonreligious classes that are open to all community members. Beginning in 2009, Adam began looking throughout Troy for a larger and more suitable property. Its early attempts were unsuccessful for several reasons, including because Troy is almost one-hundred percent developed and because at least one private seller refused to sell its property to Adam. Additionally, Adam had to contend with City of Troy Zoning Ordinance ("ZO") § 6.21, a zoning requirement that imposed more restrictive setback and parking standards on places of worship than it did on other property uses such as restaurants, schools, and secular places of assembly. *See* ZO § 6.21; 2022 WL 831225, at *2, *10. Essentially, Troy's ZO § 6.21 meant that if Adam planned to conduct prayer or other religious services on its property, it would need to either purchase a property that had formerly been used for religious services without needing a variance, or obtain the necessary variances from Troy's Zoning Board of Appeals after securing an interest in a property that had been used for a secular purpose. Over several years, Adam made many attempts to acquire a suitable property and any necessary variances, but either its purchase offer was refused or its variance applications were denied.

Most recently, Adam acquired a former restaurant and banquet hall located in Troy's General Business district, one of six zoning districts where places of worship are permitted by right (the "Property"). The Property setbacks are such that any use permitted by right could operate at the Property as long as there was sufficient parking, no changes were made to the parking or physical structure, and the occupant was not subject to use-specific standards such as those imposed on places of worship. After entering into a

4

purchase agreement for the Property, Adam applied to the zoning board for the necessary setback and parking variances that would allow it to hold prayers and other religious services at the Property. Its members "thought it was very likely" the variance application would be approved since Adam had no plans to change the exterior of the building or the parking lot, because Adam's use of the building would not cause car and foot traffic to be very different from when the building was used as a restaurant and banquet hall, because Adam planned to maintain the same building occupancy that Troy approved in 2012, and because Adam secured the support of a neighboring property owner. In addition, several nearby properties, and other places of worship in Troy, have setbacks that were similar to the Property's.[3]

Adam's application for the necessary variances was unanimously denied by the City's zoning board of appeals despite the expectations of its members. The zoning board raised concerns about traffic and parking safety although the record shows they never ordered a traffic study or considered granting Adam's variance application with conditions. During the hearing on Adam's application, a Troy official clarified that the building could be used for commercial purposes without requiring a variance and that it was currently being used as a commercial entity. Troy's Assistant City Attorney advised the zoning board that it did not need to be concerned with RLUIPA.

---

[3] Adam compared the Property to certain secular businesses and places of worship that had been granted a variance or were otherwise operating with setbacks similar to the Property's. None of the properties Adam identified were mosques, however, as the City did not have a single mosque among its approximate 60 places of worship that catered to other faiths.

## II. STANDARD

"Summary judgment is proper only if the moving party shows that the record does not reveal a 'genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Benison v. Ross*, 765 F.3d 649, 658 (6th Cir. 2014) (quoting FED. R. CIV. P. 56(a)). A genuine issue of material fact exists when there are "disputes over facts that might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). But "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citing *First Nat. Bank of Ariz. v. Cities Servs. Co.*, 391 U.S. 253, 289 (1968)).

In addition, once the moving party has met its burden, the non-moving party must make a "showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Bormuth v. Cty. of Jackson*, 870 F.3d 494, 503 (6th Cir. 2017). The non-moving party must present some evidence in support of its complaint to defeat a motion for summary judgment and show that a genuine issue for trial exists—*i.e.*, that a reasonable jury could return a verdict for the non-moving party. *See Anderson*, 477 U.S. at 248.

## III. ANALYSIS

As noted above, the Court previously dismissed Adam's state-law claims, and it now adopts the relevant analysis and holdings from the Companion Case. Thus, the Court considers Troy's arguments regarding Adam's remaining claims below.

6

### A.     Count Two – RLUIPA Discrimination

Count Two of Adam's Complaint accuses Troy of violating RLUIPA by denying Adam's variance applications based on discrimination and "sectarian opposition to the presence of an Islamic religious institution in the city of Troy." (ECF No. 1, PageID.21.)

Forty-two U.S.C. § 2000cc(b)(2), the nondiscrimination provision of RLUIPA, provides: "No government shall impose or implement a land use regulation that discriminates against any assembly or institution on the basis of religion or religious denomination." Troy claims summary judgment on this claim is appropriate because Adam has not provided evidence of discriminatory intent, (ECF No. 68, PageID.6191), but portions of the record cited by Adam,[4] and other record evidence previously considered by this Court show this to be untrue. *See, e.g.*, ECF No. 72, PageID.7148, 7162. *See also Adam Cmty. Ctr. v. City of Troy*, No. 18-13481, 2020 WL 7493102, at *1 (E.D. Mich. Dec. 20, 2020) (discussing an email from a community member to zoning board of appeals member Glenn Clark that included derogatory comments about Islam and the presence of Muslims in the City of Troy).

"[A]nalysis of a claim brought under RLUIPA's nondiscrimination provision requires a 'sensitive inquiry into such circumstantial and direct evidence of intent as may be available." *Chabad Lubavitch of Litchfield Cnty., Inc. v. Litchfield Historic Dist. Comm'n*,

---

[4] As an example, Adam cites to the report authored by the DOJ's expert witness, Alan Weinstein, who opined that the City must not view the setback restrictions as necessary to secure public safety and welfare because "a very large church" was granted a setback variance. (ECF No. 72, PageID.7148) (citing ECF No. 66-21, PageID.6118.) Mr. Weinstein further noted that Troy's willingness to grant a variance application submitted by a church, but not one submitted by a mosque, led him "to question the entire rationale for why [ZO § 6.21] is there in the first place." (ECF No. 66-20, PageID.6066.)

768 F.3d 183, 199 (2d Cir. 2014) (quoting *Vill. of Arlington Heights v. Metro. Hous. Dev. Corp.*, 429 U.S. 252, 266 (1977)). In *Chabad*, the Second Circuit considered the appeal of a district court's decision granting summary judgment to a defendant on a RLUIPA nondiscrimination claim. *Id.* at 199-200. In determining whether a statute was enforced against the plaintiff in a discriminatory manner, the district court looked only to other religious institutions that the plaintiff had identified as comparators. *Id.* at 199. Holding that this was in error, the Second Circuit noted:

> [C]ourts assessing discriminatory intent under RLUIPA's nondiscrimination provision have considered a multitude of factors, including the series of events leading up to a land use decision, the context in which the decision was made, whether the decision or decisionmaking process departed from established norms, statements made by the decision making body and community members, reports issued by the decisionmaking body, whether a discriminatory impact was foreseeable, and whether less discriminatory avenues were available.

*Id.* (citing *Bethel World Outreach Ministries v. Montgomery County Council*, 706 F.3d 548, 559–60 (4th Cir. 2013); *Church of Scientology of Ga., Inc. v. City of Sandy Springs, Ga.*, 843 F.Supp.2d 1328, 1370–76 (N.D. Ga. 2012)). The Second Circuit therefore vacated the grant of summary judgment to the defendants on this claim and remanded the case back to the district court for consideration of circumstantial evidence. *Id.* at 200.

Here, as noted above, Plaintiff has identified pieces of circumstantial evidence that may lead a fact-finder to conclude Troy acted with discriminatory animus towards Muslims. Thus, a question of fact on this claim exists and summary judgment is denied.

### B.   Count Four – RLUIPA Limitations and Exclusions

Count Four of Adam's Complaint asserts that Troy violated the exclusions and limitations provision of RLUIPA. *See* 42 U.S.C. § 2000cc(b)(3). (ECF No. 1, PageID.24.)

8

This provision prevents a government from imposing or implementing a land use regulation that (A) totally excludes religious assemblies from a jurisdiction; or (B) unreasonably limits religious assemblies, institutions, or structures within a jurisdiction. *Id.*

In support of its request for summary judgment on this claim, Troy argues only that Adam "has offered no evidence to support [its] claim, especially since Troy's zoning ordinance permits places of worship in all zoning districts except for [a select few], allowing places of worship in approximately 97% of the land area in the City of Troy." (ECF No. 68, PageID.6192.) But, as above, circumstantial record evidence exists that may cause a fact finder to conclude that the application of ZO § 6.21 either totally excluded from Troy or unreasonably limited Adam or other Islamic assemblies. For example, many of the types of evidence the Second Circuit identified in *Chabad* are present in this case and relied upon by Adam in opposing Troy's motion. *See Chabad*, 768 F.3d at 199 (identifying examples of appropriately considered circumstantial evidence including "the series of events leading up to a land use decision, the context in which the decision was made, whether the decision or decisionmaking process departed from established norms, statements made by the decisionmaking body and community members," etc.). Accordingly, there exists a question of fact for trial as to whether ZO § 6.21 was actually applied in a neutral manner or whether it was applied for the purpose of excluding Muslim assemblies from Troy. The Court must therefore deny Troy's motion with respect to Count Four.

9

### C.     Counts Five Through Ten – Constitutional Claims

Adam's remaining claims are constitutional claims brought pursuant to 42 U.S.C. § 1983.[5] (ECF No. 1, PageID.26-34.) Troy's motion contains only minimal argument as to why these claims should be dismissed. (*See* ECF No. 68, PageID.6192-93.) Essentially, Troy argues that Adam's Constitutional Claims should be dismissed because Adam has not established an underlying constitutional violation, because ZO § 6.21 is a neutral ordinance, and because Adam fails to meet its burden of proof. *See id.* Adam argues the Court should find Troy violated Adam's constitutional rights if it finds, as it has above, that Troy violated the Equal Terms provision of RLUIPA. (ECF No. 72, PageID.7165.)

The Court finds Troy's argument on these claims to be deficient. The record contains ample evidence to support Adam's contention that Troy's stated reasons for denying Adam's variance application were pretextual and intended to prevent Adam from opening a mosque in the City. Thus, a factfinder could conclude that Adam's constitutional rights were violated. In addition, because the Court grants summary judgment to Adam on its RLUIPA claims, it cannot find, as a matter of law, that there is insufficient evidence to support Adam's Count Five, its violation of free exercise of religion claim. *See Midrash Sephardi, Inc. v. Town of Surfside*, 366 F.3d 1214, 1231-32 (11th Cir. 2004).

---

[5] Adam's Count Five alleges Troy violated Adam's right to freely exercise its religion; Count Six alleges Troy violated the Establishment Clause; Count Seven alleges that Troy violated Adam's right to freedom of speech; Count Eight alleges Troy violated Adam's right to freedom of assembly; Count Nine alleges Troy violated the Equal Protection Clause; and Count Ten alleges Troy violated Adam's right to substantive due process.

### IV.     Proposed Supplemental Motion from Troy

Adam and Troy filed the present motions for summary judgment on December 23, 2020. (ECF Nos. 66, 68.) This Court resolved the cross motions for summary judgment in the Companion Case on March 18, 2022. *See* 2022 WL 831225. After those motions were decided, Troy filed in the present case a "motion for leave to file supplemental motion for summary judgment" based on mootness. (ECF No. 81.) According to Troy, as part of its settlement negotiations with Adam, the City allowed Plaintiff to use the Property as a place of worship. (*Id.*, PageID.7406.) Thus, Troy argues, good cause exists to allow the City to file a supplemental motion arguing that Plaintiff's claims for declaratory and injunctive relief are moot.  (*Id.*, PageID.7407.) Adam responded to Troy's motion stating that, despite the City's contentions, it continues to "interfere" with Adam's use of the Property. (ECF No. 82, PageID.7436.)  Moreover, Adam asserts in its response that it is entitled to an affirmative decision on the merits of its case as it maintains a legally cognizable interest in the outcome of the case as well as the relief sought. (Id., PageID.7437.)

The Court agrees with Adam that it is entitled to a decision on the merits. To find Adam's claims moot based on the Court's issuance of an opinion in a companion case goes against the interests of justice and the preference that courts have to make decisions on the merits of their cases. *See Shepard Claims Serv., Inc. v. William Darrah & Assocs.*, 796 F.2d 190, 193 (6th Cir. 1986) (noting the "strong preference" courts have for trials on the merits). Moreover, if a decision in a companion case may lead to a finding of mootness in a primary case, the Court's "wide discretion" to manage its own docket and determine which motions it will resolve and when is diminished. *See Reed v. Rhodes*, 179 F.3d 453,

471 (6th Cir. 1999). Finally, the Court notes that Adam has asked for money damages and attorneys' fees in addition to injunctive relief, so its claims for relief are not moot.

Defendants motion for leave to file an additional motion for summary judgment is therefore denied.

V.      Conclusion

For the above-stated reasons and those in the Companion Case (*United States v. City of Troy*, --- F. Supp. 3d----, No. 19-CV-12736, 2022 WL 831225 (E.D. Mich. Mar. 18, 2022)), the Court hereby **GRANTS** Adam's motion for summary judgment on its Counts One and Three (ECF No. 66) and **DENIES** Troy's motion for summary judgment (ECF No. 68). Troy's motion for leave to file supplemental motion for summary judgment (ECF No. 81) is also **DENIED**.

The parties are **HEREBY ORDERED** to submit supplemental briefing AS TO DAMAGES ON COUNTS ONE AND THREE ONLY, **WITHIN 21 DAYS**; BRIEFS SHALL BE **NO LONGER THAN 15 PAGES**, exclusive of exhibits; Both Adam and Defendants may file a response in opposition to the opposing party's brief **WITHIN 14 DAYS** of its filing, and in **NO MORE THAN 7 PAGES**. The parties are **FURTHER ORDERED** to appear, in person, for a hearing on damages on **November 9, 2022 at 10:00 a.m.** Final Pretrial Order Due **December 6, 2022**; Final Pretrial Conference set for **December 13, 2022 @ 1:30 pm**.  Trial on the remaining pending claims will begin **January 19, 2023 at 9:00 a.m**.

SO ORDERED.

                                                    s/Nancy G. Edmunds
                                                    Nancy G. Edmunds
                                                    United States District Judge

Dated:  September 28, 2022

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 28, 2022, by electronic and/or ordinary mail.

<u>s/Lisa Bartlett</u>
Case Manager