UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ADAM COMMUNITY CENTER,
a domestic nonprofit corporation, a/k/a
ADAM COMMUNITY (ACC), a
domestic nonprofit corporation,

    Plaintiff,

v.

CITY OF TROY, *et al*,
    Defendants.

Civil Action No. 18-13481

Hon. Nancy G. Edmunds

_____/

# **DEFENDANT'S SUPPLEMENTAL BRIEF REGARDING DAMAGES AS TO COUNT I AND III OF PLAINTIFF'S COMPLAINT**

## **STATEMENT OF ISSUES PRESENTED**

1. Should the November 9, 2022 hearing on damages be adjourned until after the trial on the remaining counts of the Complaint?

2. Should Plaintiff's remedy for Counts I and III of its Complaint be limited to declaratory and injunctive relief on the basis RLUIPA does not authorize relief in the form of money damages?

3. If the Court determines Plaintiff is entitled to seek money damages, is Defendant entitled to a separate jury trial on the issue of damages only?

4. If Plaintiff's damage claim proceeds to hearing/trial, is Plaintiff precluded from introducing evidence related to computation of

1

damages based on failure to submit initial disclosures and failure to supplement discovery responses?

5. Should Plaintiff's damage claims be denied on the basis the claims are speculative?

## STATEMENT OF MOST CONTROLLING/APPROPRIATE AUTHORITY

1. The most controlling or appropriate authority for Issue 1 is Federal Rule of Civil Procedure 16(b)(4).

2. The most controlling or appropriate authority for Issue 2 is *Haight v Thompson,* 763 F3d 554 (CA 6, 2014).

3. The most controlling or appropriate authority for Issue 3 is *Taylor v Cirino,* 321 F2d 279 (CA 6, 1963).

4. The most controlling or appropriate authority for Issue 4 is Federal Rule of Civil Procedure 37(c)(1).

5. The most controlling or appropriate authority for Issue 5 is *Grantham & Mann, Inc. v American Safety Products,* 831 F2d 596 (CA 6, 1987).

## STATEMENT OF PROCEDURAL FACTS

Plaintiff Adam Community Center (Adam) filed a complaint against the City of Troy (City) based on alleged violations of the Religious Land Use and Institutionalized Person Act (RLUIPA), 42 U.S.C. § 2000cc and based on alleged constitutional violations under 42 U.S.C. §1983. Adam's complaint

requested declaratory and injunctive relief and money damages. The United States of America (USA) also filed a complaint in this Court against the City under RLUIPA seeking declaratory and injunctive relief. Count I of both the Adam and the USA case allege the actions of City constitute the imposition or implementation of a land use regulation that imposes a substantial burden on the religious exercise of Adam in violation of 42 U.S.C. § 2000cc(a)(1). Count II of the USA complaint and Count III of the Adam complaint allege the City violated 42 U.S.C. § 2000cc(b)(1) by the imposition or implementation of a land use regulation in a manner that treats religious assemblies or institutions on less than equal terms with a nonreligious assembly or institution. Both cases involve the denial of Adam's request for seven variances from the provisions of Section 6.21 of the City's zoning ordinance to use property at 3635 Rochester Road as a place of worship. City and Adam filed cross motions for summary judgment. Cross motions for summary judgment were also filed in the USA case. On March 18, 2022, this Court entered an order in the USA case, denying City's motion for summary judgment and granting USA's motion for summary judgment. ECF No. 55 in Case No. 19-cv-12736. The order enjoins City from enforcing the setback and parking requirements of Section 6.21 and one provision of Section 4.21 providing that places of worship are only allowed as a special use in a Community Facilities District.

On July 13, 2022, after Adam demonstrated compliance with the applicable building codes, City issued a full certificate of occupancy, allowing Adam to use the property as a place of worship. After this, City filed a motion for leave to file supplemental summary judgment motion, based on mootness. On September 28, 2022, this Court entered its order, granting summary judgment in favor of Adam on Counts I and III and denying City's motion for summary judgment. The order also denied the City's motion for leave to file a supplemental motion for summary judgment and set the two remaining RLUIPA claims and Plaintiff's Section 1983 claims for a trial on January 19, 2023.[1] The Court order also required the parties to file supplemental briefs regarding damages on Counts I and III, and set a hearing on November 9, 2022 to address the issue of damages.

## ARGUMENT

### I. THE NOVEMBER 9, 2022 DAMAGES HEARING SHOULD BE ADJOURNED UNTIL AFTER THE TRIAL ON REMAINING ISSUES

Pursuant to Federal Rule of Civil Procedure 16 (b)(4), a scheduling order may be modified for good cause. There is good cause to adjourn the hearing on damages for Counts I and III because an award of damages prior to the entry of a final order in the case is highly prejudicial to City.

---

[1] A recent notice from the Court indicates the jury trial will commence on January 24th instead of January 19th.

4

There are eight remaining claims proceeding to trial, including two RLUIPA claims, and any decision awarding damages would be an interlocutory decision. Since the federal appellate courts generally have no jurisdiction to review an interlocutory decision, *Kimble v Hoso,* 439 F3d 331, 333 (CA 6, 2006), any damage award at the November 9th hearing would put the City in the unfair position of having to pay damages without an ability to consider the merits of any appeal, since there is no final order.

Additionally, since it is presumed the damages that Plaintiff seeks on all counts will essentially be the same, there is a risk of duplication and/or confusion if damages are awarded on only two counts. Thus, to avoid confusion of issues, the Court should adjourn the hearing on damages on Counts I and III until after a verdict is rendered on the remaining counts.

## II. RLUIPA DOES NOT AUTHORIZE MONETARY DAMAGES

RLUIPA does not allow for money damages, and instead is a statute providing equitable relief only. 42 U.S.C. § 2000cc-2a provides:

*A person may assert a violation of this chapter as a claim or defense in a judicial proceeding and obtain appropriate relief against a government.*

The term "*appropriate relief*" as used in RLUIPA was addressed in *Sossamon v Texas,* 563 US 277, 281; 131 S Ct 1651; 179 L Ed 2d 700 (2011). In that case, the Court noted that Congress enacted RLUIPA pursuant to its Spending Clause and Commerce Clause authority. The

5

plaintiff argued that whenever Congress legislates under the Spending Clause, those states that have accepted federal funds waive their sovereign immunity thereby making them liable for money damages. The Supreme Court, however, rejected this argument, and affirmed a Fifth Circuit decision, finding that Texas did not waive its sovereign immunity under the Eleventh Amendment by accepting federal funds. *Id,* p 283. The Court upheld the Fifth Circuit's conclusion that *"the statutory phrase 'appropriate relief against a government' did not 'unambiguously notify' Texas that its acceptance of funds was conditioned on a waiver of immunity from claims for money damages." Id.* Thus, the Court held "*appropriate relief*" under RLUIPA does not include suits for damages against a state. *Id,* p 288. Although *Sossamon* involved sovereign immunity and was brought under the institutionalized person provisions of RLUIPA, the ruling is applicable to land use cases, especially since Section 2000cc-2a applies to both types.

In discussing *Sossamon,* the Sixth Circuit in *Haight v Thompson,* 763 F 3d 554, 568 (2014), noted:

> *In denying the request for money damages, the Court made two essential points. The first was that Congress must speak with clarity – "clearly," "expressly," "unequivocally," … before it imposes money-damages remedies against the States under its spending powers, … The second was that the phrase "appropriate relief'" does not clearly create a money-damages action because the language plausibly covers*

6

> *injunctive, declaratory, and other non-monetary relief. In the Courts words, "appropriate relief" is "open-ended and ambiguous about what types of relief it includes." … "Far from clearly identifying money damages," the Court concluded, "the word 'appropriate' is inherently context-dependent" and thus does not apply to money-damages claims.* (citations omitted).

The decision in *Haight* clearly conveys that RLUIPA does not authorize monetary relief against any government, including a municipal government. The Plaintiff may argue, based on decisions from some courts outside the Sixth Circuit, that the ruling in *Sossamon* is not applicable to counties or municipalities and only applies to states that have not waived their Eleventh Amendment immunity. However, in its analysis based on *Sossamon,* the Court in *Haight* opined that under the "*clear-statement"* rule *"[C]larity is demanded whenever Congress legislates through its spending power,* **whether related to waivers of sovereign immunity or not***." Id.,* (Emphasis Added). Accordingly, *Haight* precludes money damage claims in all RLUIPA cases and not just those involving a state and/or sovereign immunity.

At least two district courts in the Sixth Circuit have concluded, based on *Haight,* that money damages are not available to a plaintiff in RLUIPA lawsuit against a county and/or municipality. In *Eidam v County of Berrien,* 2019 WL 7343354, U.S. District Court (WD Mich, 2019), Case No. 1:19-cv-978 (attached as Exhibit A), citing *Haight* and *Sossamon*, the Court explained:

7

> *The Sixth Circuit reasoned that, because Congress invoked authority under the Spending Clause to pass RLUIPA, the clear statement rule applies to 'appropriate relief.' … That is '[c]larity is demanded … whether related to waivers of sovereign immunity or not.' … Thus, a county or municipality subjected to RLUIPA as a condition for receiving federal funds benefits from the protection offered by the clear-statement rule. Consequently, because the Sixth Circuit has determined "'appropriate relief' does not clearly create a money damage action," … a money-damages action cannot be sustained against counties or municipalities.* (citations omitted).

Likewise, in *Newman v Muhlenberg County,* 2021 WL 467201, U.S. District Court (WD Kent, 2021), Case No. 4:19-cv-00154 – a case filed against Muhlenberg County under RLUIPA - the Court granted summary judgment in favor of the county, finding *"monetary damages are not available under RLUIPA."* A copy of the decision is attached as Exhibit B.

City is mindful of one district court decision in the Sixth Circuit - *Ruplinger v Louisville/Jefferson County Metro Government,* 2021 WL 682075, U.S. District Court (WD Kent, 2021), Case No. 3:19-cv-583 - that allowed monetary damages under RLUIPA against a municipality, but that Court relied on *Tanzin v. Tanvir*, –– U.S. ––, 141 S. Ct. 486, 492–93, 208 L.Ed.2d 295 (2020), which is a case involving the Religious Freedom Restoration Act (RFRA), which, similar to RLUIPA, contains an "*appropriate relief*" clause. The *Tanzin* Court concluded the *Sossamon* decision does not bar money-damages claims under RFRA against entities that are not protected by Eleventh Amendment immunity. A copy of the *Ruplinger* case

8

is attached as Exhibit C. However, in *Mease v Washington,* 2021 WL 1921071, U.S. District Court (WD Mich, 2021), Case No. 2:20-cv-176, (Attached as Exhibit D) the Court disagreed with the decision in *Ruplinger* and concluded that *Tanzin* is not controlling on the issue of whether money damages are available under RLUIPA. The Court explained:

> *Regardless of whether Haight's analysis is more persuasive than the analysis of the other courts, Haight's determination that RLUIPA does not authorize damages against state officials in their individual capacity was not expressly overruled by Tanzin. Moreover, the basis of the Haight court's decision—the need for clarity in statutes promulgated under the Spending and Commerce Clauses—did not apply in Tanzin. As a consequence, Tanzin did not abrogate Haight, which remains controlling authority in this circuit. Plaintiff therefore is not entitled to damages against Defendants in their individual capacities for the alleged violations of RLUIPA.*

In a recent decision - *Catlett v Washington,* 2021 WL 3680196, U.S. District Court (ED Mich, 2021), Case No. 1:19-cv-978 attached as Exhibit E, the Court acknowledged the different rulings in *Mease* and *Ruplinger* and concluded:

> *The Court finds the reasoning in Mease persuasive. Haight remains binding on this Court, and in following that decision, the Court rules that Plaintiffs are unable to bring a claim for money damages under the RLUIPA against officers in their individual capacities.*

Based on the clarity rule, as discussed in *Haight,* which is binding in this circuit, Plaintiff is only entitled to equitable relief, which has already been granted by this Court in the companion USA case. Plaintiff is

9

precluded from recovering money damages under RLUIPA.

Plaintiff may argue that it can pursue damages on the basis Section 1983, but Plaintiff cannot use Section 1983 to get damages that RLUIPA does not allow. *Cavin v Michigan Department of Corrections,* 927 F 3d 455, 460 (CA 6, 2019), *Eidam,* at 9. Since RLUIPA "provides an 'express' cause of action under the statute, it ordinarily indicates that plaintiffs cannot access 'a more expansive remedy under §1983." Id. *"Put another way, the reality that RLUIPA doesn't allow for damages indicates that Congress didn't intend § 1983 to provide a backdoor to achieving a different result."* Id. Thus, Plaintiff is not entitled to any money damages under Count I and III of its Complaint.

### III. THE CITY IS ENTITLED TO A SEPARATE JURY TRIAL ON THE ISSUE OF DAMAGES

In the federal courts, juries decide issues of fact, instead of the court. *Taylor v Cirino,* 321 F2d 279, 281(CA 6, 1963). The amount of damages necessary to compensate a plaintiff for the alleged deprivation of a constitutional right is a question of fact. *Rodgers v Fisher Body Div. General Motors Corp,* 739 F2d 1102, 1107 (1984). If the Court determines the statute (RLUIPA) allows for damages under Count I and III, this should be submitted to a jury, since the Defendant filed a reliance on the jury demand made by Plaintiff. ECF No. 1, p 35, ECF No. 11, p 307. Pursuant to Federal Rule of

Civil Procedure 39(a), when a jury trial has been demanded, trial on all issues so demanded must be by jury unless the parties stipulate otherwise or the Court determines that there is no federal right to a jury trial. When a plaintiff has requested a jury trial in a complaint, all the defendants are entitled to rely on that request to preserve their own right. *International Technologies v Stewart,* 2011 WL 4014403, U.S. District Court (ED Mich, 2011), Case No. 07-13391, citing *Patterson v Coughlin,* 905 F2d 564, 570 (CA 2, 1990). A copy of the *International Technologies* case is attached as Exhibit F. When a party has made a jury demand, there is no reason for other parties to make a jury demand as the first demand remains effective unless removed by stipulation of the parties or by order of the Court. *Id.,* citing 8 James Wm. Moore, et al., Moore's Federal Practice- Civil Par 39.11 (3d ed. 1997). Thus, the determination of damages with respect to Counts I and III of the complaint involves issues of fact that should be decided by a jury.

    If the Court agrees the City is entitled to a jury trial with regard to damages on Counts I and III, it is the City's request that there be a bifurcation. Pursuant to Federal Rule of Civil Procedure 42(b), the Court may order a separate trial of one or more separate issues to avoid prejudice. In this case, if the issue of damages on Counts I and III is tried together with the remaining issues, the City would be unduly prejudiced because the jury would be

11

informed that the Court has already ruled in Plaintiff's favor on two counts. The City is concerned that imparting the jury with such knowledge would cause them to have a preconceived bias that may affect the ultimate verdict. Accordingly, it is the City's request the issue of damages on Counts I and III be scheduled for a jury trial separate from the trial presently scheduled for January 2023.

### IV. PLAINTIFF IS PRECLUDED FROM INTRODUCING EVIDENCE RELATED TO COMPUTATION OF DAMAGES

Federal Rule of Civil Procedure 26(a)(1)(A)(iii) requires that a party must disclose "*a computation of each category of damages claimed*" and must make available for inspection *"the documents or other evidentiary material …on which each computation is based…"* Federal Rule of Civil Procedure 26(a)(2)(A) and (B) requires a party to disclose the identity of any witness it may use at trial to present expert testimony under Federal Rules of Evidence 702, 703, or 705, and to accompany the disclosure with a written report of the expert. Plaintiff has not provided the City with any information related to damages or the name of any expert witness it plans to call on the issue of damages, as required under the aforesaid rules.

City submitted discovery requests to the Plaintiff specifically seeking a copy of any expert witness report and also specifically seeking copies of all financial documents prepared by Plaintiff, its accountants or other financial

12

consultants Plaintiff intends to introduce at trial. (See Request No 8 and 9 that are attached as Exhibit G).  As shown in the response to Request No 8, Plaintiff indicated it did not have an expert witness report at the time.  Plaintiff has never supplemented the response.  As shown in the response to Request No. 9, Plaintiff objected to providing financial documents and has not supplemented that response.  Pursuant to Federal Rule of Civil Procedure 37(c)(1), if a party "*… fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.*" Since the Plaintiff in this case did not disclose any financial information related to damages or disclose the identity of any expert witness such as an economist or an accountant that could testify as to damages, the Plaintiff should be precluded from introducing any computation of damages or any expert testimony related to damages.

Plaintiff may argue that since the City never filed a motion to compel discovery, the Rule 37 sanctions are not applicable.  However, the disclosures required under Rule 26 are mandatory and the sanctions under Rule 37 must be imposed regardless of whether the party entitled to receive the information filed a motion to compel. The test for Rule 37(c) exclusion "*is very simple: the sanction is mandatory unless there is a reasonable explanation of why Rule*

*26 was not complied with or the mistake was harmless. Bessemer & Lake Erie R.R. Co. v Seaway Marine Transport,* 596 F3d 357, 370 (CA 6, 2010) quoting from *Vance ex rel Hammons v United States,* 182 F3d 920 (CA 6,1999). "*The exclusion of non-disclosed evidence is automatic and mandatory under Rule 37(c)(1) unless non-disclosure was justified or harmless.*" *Dickenson v Cardiac & Thoracic Surgery of E. Tenn.,* 388 F3d 976, 983 (CA 6, 2004), quoting from *Musser v Gentiva Health Servs.,* 356 F3d 751, 756 (CA 7, 2004). Accordingly, if this matter proceeds to a hearing or trial, the Plaintiff is precluded from introducing any expert testimony regarding damages and from introducing any computation of damages.

## V.  PLAINTIFF'S DAMAGE CLAIMS SHOULD BE DENIED ON THE BASIS THE CLAIMS ARE SPECULATIVE

In a civil case, damages must be proved by the plaintiff and they must not be speculative. *Rodgers,* 1107. Damages are not permitted which are remote and speculative. *Grantham and Mann, Inc. v American Safety Products, Inc.,* 831 F2d 596, 601 (CA 6, 1987). In *Zirin Laboratories International, Inc. v Mead-Johnson & Company,* 208 F Supp 633, 635 (ED Mich, 1962) the Court explained:

> *"…it is well-established that a plaintiff is not entitled to an award of damages unless both the fact of damage and the amount of damage are established with reasonable certainty;*

14

*neither may properly be based upon mere speculation, guess, or conjecture.*"

Although Plaintiff has not disclosed specific information related to the damages it is claiming in this case, Adam's media and other statements claim that Plaintiff suffered damages due to the withdrawal of pledges to make charitable contributions to the Adam organization. Supposedly, Plaintiff contends that if the City allowed Adam to use the subject property as a place of worship in 2018, then Adam would have received more charitable contributions than it currently receives. City is aware through the deposition testimony of Adam's president, Dr. Nurul Amin, that Adam has been receiving donations from its members as its source of funding. (See pages 13-16 of deposition transcript, a copy of which is attached as Exhibit H). An argument that the funding would have increased had Adam been able to use the subject property as a mosque in 2018 is pure conjecture. As such, any claim for damages based on charitable donations that might have been made is speculative. Thus, any testimony or other evidence related to such claims should not be permitted.

Dated: October 19, 2022                    s/Allan T. Motzny_____
                                                    Lori Grigg Bluhm (P46908)

## **Certificate of Service**

I hereby certify that on October 19, 2022, I electronically filed Defendants Supplemental Brief Regarding Damages as to Count I and III of Plaintiff's Complaint with the Clerk of the Court using the ECF system which will send notification of such filing to all parties of record using the ECF system.

Dated: October 19, 2022

      s/Allan T. Motzny
Lori Grigg Bluhm (P46908)
Allan T. Motzny (P37580)
Attorneys for Defendants
500 W. Big Beaver Road
Troy, MI 48084
(248) 524-3320
motznyat@troymi.gov